Kathryn E. Cahoy (SBN 298777)
Amy S. Heath (SBN 312516)
COVINGTON & BURLING LLP
5 Palo Alto Square
Palo Alto, California  94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: kcahoy@cov.com
Email: aheath@cov.com

*Counsel for Defendant Capital One Financial Corp.*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIANCA JOHNSTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION,<br><br>Defendant. | Civil Case No.: 2:26-cv-00457-MWF-PVC<br><br>**DEFENDANT CAPITAL ONE FINANCIAL CORP.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Hearing Date:  May 4, 2026<br>Time:  10:00 a.m.<br>Judge:  Hon. Michael W. Fitzgerald<br>Courtroom:  5A |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on May 4, 2026, at 10:00 a.m. or as soon thereafter as the matter may be heard before the Honorable Michael W. Fitzgerald, in the United States District Court for the Central District of California, Courtroom 5A, 350 West 1st Street, Los Angeles, California 90012, Defendant Capital One Financial Corp. ("Discover") will, and hereby does, move to dismiss the First Amended Complaint ("FAC") (Dkt. 11) of Plaintiff Bianca Johnston ("Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

The motion is based on this Notice of Motion and Motion to Dismiss, the attached Memorandum of Points and Authorities in Support of the Motion to Dismiss, any additional briefing on this subject, and any such further evidence and argument as may be presented to the Court at or before the hearing on this matter.

## LOCAL RULE 7-3 MEET AND CONFER DECLARATION

I, Kathryn E. Cahoy, declare as follows:

1. I am an attorney at the law firm Covington & Burling LLP and counsel for Capital One Financial Corporation in this action, along with my colleague Amy Heath.

2. Pursuant to Local Rule 7-3, on March 4, 2026, counsel for Discover, Amy Heath, conferred with counsel for plaintiff via a telephone call and discussed the substance of Discover's Motion to Dismiss the FAC. Counsel for plaintiff indicated that they disagree with Discover's position.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on March 11, 2026.

Dated: March 11, 2026          By: _/s/ Kathryn E. Cahoy_

                                   KATHRYN E. CAHOY (SBN 298777)

                                   _Counsel for Defendant Capital One Financial Corp._

# TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................. 1

II.   BACKGROUND .................................................................................. 2

    A.   The TikTok, Meta, Pinterest, and Reddit Tools .................................. 2

    B.   Discover's Alleged Installation and Use of Third-Party Tools. .......... 3

    C.   Procedural History ............................................................................ 4

III.  LEGAL STANDARD .......................................................................... 5

IV.   ARGUMENT ....................................................................................... 5

    A.   Plaintiff Cannot Maintain a Claim Under CIPA Section 638.51 ......... 7

        1.   Plaintiff Lacks Article III Standing to Assert a Pen Register Claim. ........................................................................... 8

        2.   Section 638.51 Applies to Telephone-Related Routing Information, Not Internet Data. ...................................... 10

        3.   Section 638.51 Does Not Apply Because Discover Was a Party to Plaintiff's "Communications." .............................. 12

        4.   Plaintiff's Section 638.51 Claim Contradicts Her Section 631(a) Theory. ...................................................... 14

    B.   Plaintiff Fails to State a Claim Under Section 631(a). ........................ 15

        1.   Plaintiff Has Not Alleged an Underlying Violation of Section 631(a), As Required for Aiding-and-Abetting Liability. .......... 16

        2.   Discover Cannot Be Held Liable Under an Aiding-and-Abetting Theory. ........................................................... 20

V.    CONCLUSION .................................................................................. 21

iii

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Anne Heiting v. HP Inc.*,
2025 WL 2993673 (Cal. Super. Aug. 1, 2025)..............................................................11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).........................................................................................................5

*Aviles v. Liveramp, Inc.*,
2025 WL 487196 (Cal. Super. Jan. 28, 2025) ........................................................ 7, 11

*B.K. v. Desert Care Network*,
2024 WL 1343305 (C.D. Cal. Feb. 1, 2024) ...............................................................19

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................................................5

*Bell v. Farmers Ins. Exch.*,
87 Cal. App. 4th 805 (2001) .........................................................................................14

*Beltran v. Drs. Med. Ctr. of Modesto*,
2025 WL 1635467 (E.D. Cal. June 9, 2025) ...............................................................17

*Casillas v. Transitions Optical, Inc.*,
2024 WL 4873370 (Cal. Super. Sep. 9, 2024) ............................................................13

*Cody v. Ring LLC*,
718 F. Supp. 3d 993 (N.D. Cal. 2024)............................................................. 16, 19, 20

*Dep't of Corr. & Rehab. v. Cal. State Pers. Bd.*,
147 Cal. App. 4th 797 (2007) .......................................................................................13

*Doe v. Eating Recovery Ctr. LLC*,
806 F. Supp. 3d 1109 (N.D. Cal. 2025)...................................................... 1, 6, 10, 14, 18

*Doe v. Talkiatry Mgmt. Servs., LLC*,
2025 WL 3190813 (C.D. Cal. Oct. 1, 2025) ...............................................................20

*Esparza v. UAG Escondido A1 Inc.*,
2024 WL 559241 (S.D. Cal. Feb. 12, 2024)................................................................20

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-00457-MWF-PVC

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
    528 U.S. 167 (2000)..................................................................................................5

*Garcia v. Dermalogica, LLC*,
    2025 WL 4057320 (Cal. Super. Nov. 19, 2025)......................................................15

*Goldstein v. Rumble Inc.*,
    2025 WL 3691987 (C.D. Cal. Nov. 6, 2025) ............................................................5

*Gutierrez v. Converse Inc.*,
    2025 WL 1895315 (9th Cir. July 9, 2025) ...............................................................6

*Gutierrez v. Wells Fargo Bank, NA*,
    889 F.3d 1230 (11th Cir. 2018) ..............................................................................21

*Gyrodata Inc. v. Atl. Inertial Sys. Inc.*,
    2011 WL 13213609 (C.D. Cal. June 3, 2011) ........................................................15

*Heiting v. Taro Pharms. USA, Inc.*,
    728 F. Supp. 3d 1112 (C.D. Cal. 2024) ..................................................................20

*J.M. v. Huntington Beach Union High Sch. Dist.*,
    2 Cal. 5th 648 (2017) ........................................................................................11, 13

*Jones v. Tonal Sys., Inc.*,
    751 F. Supp. 3d 1025 (S.D. Cal. 2024) ..................................................................17

*Khamooshi v. Politico LLC*,
    2025 WL 2822879 (N.D. Cal. Oct. 2, 2025) .........................................................8, 9

*Kishnani v. Royal Caribbean Cruises Ltd.*,
    2025 WL 1745726 (N.D. Cal. June 24, 2025)........................................................15

*Larkin v. Workers' Comp. Appeals Bd.*,
    358 P.3d 552 (Cal. 2015)........................................................................................11

*Lewis v. Magnite, Inc.*,
    2025 WL 3687546 (C.D. Cal. Dec. 4, 2025).....................................................17, 18

*Licea v. Am. Eagle Outfitters, Inc.*,
    659 F. Supp. 3d 1072 (C.D. Cal. 2023) ..................................................................18

v

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-00457-MWF-PVC

*Licea v. Cinmar, LLC,*
    659 F. Supp. 3d 1096 (C.D. Cal. 2023) ..................................................... 16, 18

*LVRC Holdings LLC v. Brekka,*
    581 F.3d 1127 (9th Cir. 2009) ...................................................................... 14

*Maghoney, v. Dotdash Meredith, Inc.,*
    2026 WL 497402 (S.D. Cal. Feb. 23, 2026)................................................... 9

*Mikulsky v. Bloomingdale's, LLC,*
    713 F. Supp. 3d 833 (S.D. Cal. 2024)........................................................... 18

*Mikulsky v. Noom, Inc.,*
    682 F. Supp. 3d 855 (S.D. Cal. 2023)......................................................... 8, 9

*Pena v. GameStop, Inc.,*
    670 F. Supp. 3d 1112 (S.D. Cal. 2023) ........................................................ 19

*People v. Franco,*
    6 Cal. 5th 433 (2018) .................................................................................... 10

*Peter Dawidzik v. Tesla, Inc.,*
    2025 WL 3786963 (C.D. Cal. Dec. 29, 2025).................................................. 9

*Phillips v. U.S. Customs & Border Prot.,*
    74 F.4th 986 (9th Cir. 2023) ........................................................................... 9

*Popa v. Microsoft Corp.,*
    153 F.4th 784 (9th Cir. 2025) ........................................................................ 8

*Price v. Headspace, Inc.,*
    2025 WL 1237977 (Cal. Super. Apr. 1, 2025) ........................................... 8, 15

*Rodriguez v. Ford Motor Co.,*
    722 F. Supp. 3d 1104 (S.D. Cal. 2024) ......................................................... 21

*Rodriguez v. Ink America Intern. Group LLC,*
    2025 WL 4034985 (Cal. Super. Dec. 10, 2025)............................................. 10

*S. Bell Tel. & Tel. Co. v. Hamm,*
    409 S.E.2d 775 (S.C. 1991) ........................................................................... 12

*Sanchez v. Cars.com Inc.*,
2025 WL 487194 (Cal. Super. Jan. 27, 2025) .......................................................... 10, 11

*Scharon v. Paramount Global*,
2025 WL 2996812 (Cal. Super. Oct. 03, 2025) ............................................................ 10

*Shah v. MyFitnessPal, Inc.*,
2026 WL 216334 (N.D. Cal. Jan. 27, 2026) ................................................................. 17

*Smith v. Maryland*,
442 U.S. 735 (1979) ......................................................................................................... 9

*Smith v. YETI Coolers, LLC*,
754 F. Supp. 3d 933 (N.D. Cal. 2024) ......................................................................... 20

*Sparshott v. Feld Ent., Inc.*,
311 F.3d 425 (D.C. Cir. 2002) ...................................................................................... 12

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
551 U.S. 308 (2007) ......................................................................................................... 5

*Torres v. Prudential Fin., Inc.*,
2025 WL 1135088 (N.D. Cal. Apr. 17, 2025) .............................................................. 18

*Total Coverage, Inc. v. Cendant Settlement Servs. Grp., Inc.*,
252 F. App'x 123 (9th Cir. 2007) ................................................................................. 15

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) ...................................................................................................... 5, 8

*Trim v. Reward Zone USA LLC*,
76 F.4th 1157 (9th Cir. 2023) ....................................................................................... 13

*Turrieta v. Lyft, Inc.*,
552 P.3d 835 (Cal. 2024) ............................................................................................... 10

*United States v. Forrester*,
512 F.3d 500 (9th Cir. 2008) ........................................................................................... 9

*Valenzuela v. Kroger Co.*,
2025 WL 851075 (C.D. Cal. Mar. 13, 2025) ............................................................... 20

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-00457-MWF-PVC

*Van Buren v. United States*,
   593 U.S. 374 (2021) ............................................................................................... 11

*Warden v. Kahn*,
   99 Cal. App. 3d 805 (Cal. Ct. App. 1979) ............................................................ 6

*Whitman v. Am. Trucking Associations*,
   531 U.S. 457 (2001) ............................................................................................... 11

*Wiley v. Universal Music Grp., Inc.*,
   2025 WL 3654085 (N.D. Cal. Dec. 17, 2025) ...................................................... 17

*Wis. Pro. Police Ass'n v. Pub. Serv. Comm'n of Wis.*,
   555 N.W.2d 179 (Wis. Ct. App. 1996) ............................................................ 12, 13

*In re Zynga Priv. Litig.*,
   750 F.3d 1098 (9th Cir. 2014) ......................................................................... 14, 16

**Statutes**

Cal. Civ. Code § 1798.120 ............................................................................................... 4, 6

Cal. Civ. Code § 1798.130 ................................................................................................... 6

Cal. Civ. Code § 1798.140 ................................................................................................... 6

Cal. Civ. Code § 1798.150 ................................................................................................... 6

Cal. Penal Code § 631 ................................................................................................. *passim*

Cal. Penal Code § 632.7 ....................................................................................................... 6

Cal. Penal Code § 633.02 ..................................................................................................... 6

Cal. Penal Code § 637.2 .................................................................................................. 6, 14

Cal. Penal Code § 637.6 ....................................................................................................... 6

Cal. Penal Code § 638.50 ............................................................................................ *passim*

Cal. Penal Code § 638.51 ............................................................................................ *passim*

Cal. Penal Code § 638.52 ................................................................................................... 13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-00457-MWF-PVC

Cal. Penal Code § 638.53.................................................................................................. 13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-00457-MWF-PVC

## I.    INTRODUCTION

This lawsuit is one of many in this District and across the country attempting to repurpose a criminal wiretap law to challenge routine website technologies in pursuit of windfall statutory damages.  Plaintiff Bianca Johnston, a serial litigant who has brought at least six similar lawsuits in California federal and state court within just the last year, has set her target in this case on Discover, part of Capital One Financial Corporation.

Plaintiff contends Discover installed on its website the TikTok, Meta (f/k/a Facebook), and Reddit Pixel and the Pinterest Tag (together, "third-party tools") to collect and share information about visitors' activities on the Discover website.  And though the California legislature has enacted a comprehensive privacy regime regulating the exact types of data sharing allegedly at issue here, *see* California Consumer Privacy Act ("CCPA"), Cal. Civ. Code § 1798.100 *et seq.*, plaintiff instead seeks to shoehorn her claims into two ill-fitting provisions of California's wiretap law: Sections 638.51 and 631 of the California Invasion of Privacy Act ("CIPA")—a statute "drafted with very different technology in mind" that "does not map properly onto the internet," *Doe v. Eating Recovery Ctr. LLC*, 806 F. Supp. 3d 1109, 1117 (N.D. Cal. 2025).

This is plaintiff's second attempt to assert CIPA claims against Discover.  The operative First Amended Complaint ("FAC"), filed in February 2026, *see* Dkt. 11, removed certain inaccurate allegations from the original Complaint, including that visitors to the Discover website were subject to a misleading "cookie banner" pop-up notice—an error obvious to any visitor to the website, which does not have and never has had a cookie banner.  *See* Original Compl. ¶¶ 130-31, Dkt No. 1-4.  Yet the FAC added what appear to be further copy-and-paste paragraphs from a complaint against a wholly unrelated defendant, identifying "www.wayfair.com" as "Defendant's website."  FAC ¶¶ 65, 71.  Like the original Complaint, and consistent with the appearance that this is just another plug-and-play lawsuit from a serial plaintiff, the FAC continues to lack fundamental

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-00457-MWF-PVC

allegations about what interactions *plaintiff* had with the Discover website or what information of *plaintiff's* was purportedly shared with third parties.

For the reasons set forth below, the FAC does not establish subject-matter jurisdiction over plaintiff's Section 638.51 claim and does not state a claim for relief under either Section 638.51 or 631(a). These deficiencies require dismissal of the FAC.

## II.    BACKGROUND

### A.    The TikTok, Meta, Pinterest, and Reddit Tools.

Plaintiff contends that TikTok, Meta, Pinterest, and Reddit provide web-based services that help Discover better reach individuals who may be interested in applying for a Discover credit card or opening a Discover account. *See* FAC ¶¶ 44, 83, 109, 126. To use these services, Discover allegedly "installed" the third-party tools on the Discover website (https://www.discover.com). *Id.* at 2 & ¶ 32.

The tools are pieces of third-party code that can be installed by a website operator like Discover to support its advertising efforts on the third party's platform, among other purposes. *See id.* ¶¶ 44, 83, 102, 118. When implemented, the tools may share with the third party certain basic information about a visitor's interactions with the website, including metadata information required by the Internet Protocol to load the third-party tool (e.g., IP address) and information about a visitor's specific actions taken on the website, such as pages visited or buttons clicked. *See id.* ¶¶ 32-33, 68; *see also* FAC ¶ 18 ("IP addresses … form an essential part of how the internet works.").

How the tools are configured on a given website informs what information the tools transmit and how it is used. *See id.* ¶ 33. For example, as to the Meta Pixel, website operators can enable a limited data use ("LDU") feature, which limits how Meta uses information transmitted through the Meta Pixel for website visitors in states including

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-00457-MWF-PVC

California.[1]  Website visitors' individual settings and tools can preclude data sharing for certain purposes, including targeted advertising.[2]

**B.    Discover's Alleged Installation and Use of Third-Party Tools.**

Discover is part of Capital One, a financial services company headquartered in McLean, Virginia.  *See* FAC ¶ 5.

Plaintiff, a California resident, alleges she "visited the [Discover] Website, as recently as May 2025" to "search for" and "compare" "credit card options."  *Id.* at 2 & ¶ 4. She contends that "as a result of Defendant's implementation" of the third-party tools on the Discover website, her "personal information was … shared" with the third parties.  *Id.* ¶ 4.  Plaintiff does not identify what "personal information" of hers purportedly was shared, or even what card options she searched for and compared.  *See id.*

Plaintiff also asserts information about what the third-party tools are "[g]enerally" capable of collecting, such as the website visitor's IP address and user activity, including "when a user applies for a credit card," "submit[s] a search in the website's search bar," "add[s] a product to the [their] cart," or "check[s] out," *see id.* ¶¶ 33, 40, 89, 119, but does not allege that she engaged in any of these activities, or what information Discover had enabled the tools to collect from her.[3]

Plaintiff then argues that the third-party tools can collect data when website owners enable certain features.  *See id.* ¶ 106.  But again, plaintiff does not allege what specific features Discover had enabled during her visit to the Discover website.  *See generally* FAC.

---

[1] *See* Request for Judicial Notice ("RJN") Ex. A, *Data Processing Options for US Users*, META, https://perma.cc/EUD8-BHRJ (last visited Mar. 10, 2026).

[2] *See* RJN Ex. B at 7, Discover Privacy Policy (May 18, 2025) (user may "enable a tool at the browser or device level that automatically communicates opt-out preferences, such as Global Privacy Control").

[3] Several of these appear to be additional copy-and-paste allegations from another case, as the Discover website does not have a cart or check-out process.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-00457-MWF-PVC

Nor does she allege how the third-party tools were configured on Discover's website, such as whether the LDU feature was enabled for the Meta Pixel. *Id.*

And although plaintiff has brought at least six CIPA lawsuits against other defendants within the past year[4]—exposing a familiarity with the third-party tools and privacy claims at issue, if not a deliberate hunt for websites that had implemented these tools in search of more suits—plaintiff does not allege she took the simple step of enabling the Global Privacy Control ("GPC") setting to opt out of the alleged collection at issue.[5] Nor does plaintiff allege that Discover did not or would not process the GPC signal—the legislatively approved, "easy" method for consumers "to opt-out of the sale or sharing of personal information" for behavioral advertising purposes, consistent with the CCPA. *Global Privacy Control (GPC)*, CAL. ATT'Y GEN., https://oag.ca.gov/privacy/ccpa/gpc (last visited Mar. 10, 2026); *see also* Cal. Civ. Code § 1798.120.

### C.    Procedural History

Plaintiff filed her original Complaint in California Superior Court, Los Angeles County, on December 10, 2025, and served it on December 19, 2025. *See* Original Compl.; Service Packets, Dkt. 1-2.  Discover timely removed the case on January 15, 2026. *See* Notice of Removal, Dkt. 1.

Roughly one month later, plaintiff filed the FAC, *see* Dkt. 11, which removed certain erroneous factual allegations from the original Complaint.  For example, plaintiff removed the allegation that visitors to the Discover website interacted with a misleading cookie

---

[4] *See* RJN Ex. C, *Johnston v. Cars.com Inc.*, No. 25-cv-2446 (C.D. Cal. Sept. 17, 2025); *Johnston v. Adobe Inc.*, No. 25-cv-3052 (N.D. Cal. Apr. 3, 2025); *Shamsi & Johnston v. Thrift Books Global, LLC*, No. 25-cv-1388 (N.D. Cal. Feb. 10, 2025); *Venerable et al. v. Ticketmaster, LLC et al.*, No. 25STCV24749 (Cal. Super. Ct. Aug. 15, 2025); *Maldonado et al. v. Apple, Inc.*, No. 25CV467217 (Cal. Super. Ct. May 30, 2025); *Cox et al. v. Google LLC*, No. 25CV459563 (Cal. Super. Ct. Feb. 21, 2025).

[5] *See supra* note 2.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-00457-MWF-PVC

banner, *see* Original Compl. ¶¶ 130-31, which plaintiff had included in the original Complaint, even though the Discover website does not *have* a cookie banner.

In the FAC, plaintiff asserts the same core claims as in the original Complaint, contending Discover is liable under CIPA Sections 631(a) and 638.51.  FAC ¶¶ 165-89. Plaintiff seeks to bring these claims on behalf of "[a]ll California citizens who visited Defendant's Website while physically in California and whose personal information was shared with [TikTok, Meta, Pinterest, and Reddit] or other third parties by Defendant without effective and informed prior consent."  *Id.* ¶ 157.

### III.   LEGAL STANDARD

A complaint must "state[] a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), meaning the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  "The Court must disregard allegations that are legal conclusions, even when disguised as facts." *Goldstein v. Rumble Inc.*, 2025 WL 3691987, at *1 (C.D. Cal. Nov. 6, 2025) (Fitzgerald, J.) (citing *Iqbal*, 556 U.S. at 681).  When deciding a Rule 12(b)(6) motion, the Court may consider documents incorporated by reference or subject to judicial notice.  *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

"Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies,'" requiring plaintiff to have "a 'personal stake' in the case—in other words, standing."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).  "[A] plaintiff must demonstrate standing separately for each form of relief sought."  *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000).

### IV.   ARGUMENT

Plaintiff, no stranger to CIPA claims, has brought six CIPA suits during just the last year and is already on her second complaint in this case.  Yet her two asserted claims— under CIPA Section 638.51 (pen register provision) and Section 631(a) (wiretapping provision)—contain fatal deficiencies warranting dismissal.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-00457-MWF-PVC

CIPA allows for civil damages in certain circumstances. *See* Cal. Penal Code § 637.2(a). However, the statute, whose "obtuse language" another California federal judge recently described as "a total mess," *Eating Recovery Ctr.*, 806 F. Supp. 3d at 1112, is penal in nature, meaning its ambiguities "should be interpreted in favor of the alleged violator," *Warden v. Kahn*, 99 Cal. App. 3d 805, 811 n.3 (Cal. Ct. App. 1979). The legislature has amended CIPA over the years to address advances in technology, including body-worn cameras, Cal. Penal Code § 633.02(b) (2015), rideshare programs, *id.* § 637.6 (1990), and cordless and cellular phones, *id.* § 632.7 (1992). Despite multiple changes to account for other technologies, however, the legislature has not amended CIPA to include routine data collection through the Internet. *See Gutierrez v. Converse Inc.*, 2025 WL 1895315, at *3 (9th Cir. July 9, 2025) (mem.) (Bybee, J., concurring in part and in judgment) ("California has failed to update § 631(a) to account for advances in technology since 1967. It is not our job to do it for them.").

Instead, in 2018, the legislature enacted the CCPA, an overarching privacy regime governing the collection, use, sharing, and sale of consumers' personal information by companies operating in California. *See* Cal. Civ. Code § 1798.100 *et seq.* The CCPA permits sharing personal information for advertising purposes subject to certain consumer rights, including an opt-out right and disclosures. *Id.* § 1798.120 (opt-out for certain sharing); *id.* § 1798.130(a)(5) (disclosures); *id.* § 1798.140(ah)(1) ("sharing" includes for cross-context behavioral advertising). While the CCPA contains a private right of action, the legislature crafted it to apply narrowly to certain data breach contexts, leaving broader enforcement to the state. *See id.* § 1798.150 (limited CCPA private right of action for data exposure due to business's failure to "implement and maintain reasonable security procedures"). And the CCPA has continued to evolve: The CCPA was amended by the California Privacy Rights Act of 2020 to further strengthen consumer protections related to the sale or "sharing" of personal information for advertising purposes, and to establish a

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-00457-MWF-PVC

new California Privacy Protection Agency responsible for enforcing these privacy protections.

Plaintiff does not and cannot identify any violation of the CCPA that occurred when she visited Discover's website.  And she does not seek to exercise her privacy rights codified in the CCPA, which she could do without resorting to litigation.  Instead, she has seized on the commonplace Internet tools at issue here, attempting to manufacture claims under two provisions of the penal code.  *See* FAC ¶¶ 165-89.

Plaintiff's attempts would lead to the absurdity that any website using commonplace third-party tools, even if in full compliance with the CCPA, may be unwittingly committing a crime.  *See Aviles v. Liveramp, Inc.*, 2025 WL 487196, at *3 (Cal. Super. Jan. 28, 2025) (noting "the Los Angeles Superior Court's own website contains a notice that it may collect and record the IP addresses of visitors"), *adopted*, 2025 WL 487199.  Well-settled principles instruct that criminal laws must be construed narrowly to avoid this kind of absurd result, and plaintiff's efforts to ignore those principles should be rejected.

**A.     Plaintiff Cannot Maintain a Claim Under CIPA Section 638.51.**

CIPA Section 638.51 prohibits "a person" from "install[ing] or us[ing] a pen register or a trap-and-trace device without first obtaining a court order pursuant to Section 638.52 or 638.53."  Cal. Penal Code § 638.51(a).  Plaintiff asserts the third-party tools allegedly used by Discover are "pen registers" and "trap and trace" devices.  FAC ¶¶ 177-89.  Under CIPA, a "pen register" is defined as a device that "records or decodes dialing, routing, addressing, or signaling information … but not the contents of a communication," and a "trap and trace" is defined as a device that "captures … impulses that identify … information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication."  Cal. Penal Code § 638.50(b), (c).  Plaintiff lacks Article III standing and has not stated a claim, requiring dismissal of this cause of action.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-00457-MWF-PVC

**1. Plaintiff Lacks Article III Standing to Assert a Pen Register Claim.**

As plaintiff acknowledges, Section 638.50(b) defines pen register and trap-and-trace devices to expressly exclude "the contents of a communication." Cal. Penal Code § 638.50; *see* FAC ¶¶ 134-35. By asserting the third-party tools are pen registers and trap-and-trace devices, FAC § D, plaintiff alleges, by definition, that Discover collects only "information *about* [a] communication," *Price v. Headspace, Inc.*, 2025 WL 1237977, at *3 (Cal. Super. Apr. 1, 2025) (emphases altered). Such record information does not give rise to a concrete privacy injury sufficient to confer Article III standing.

To establish Article III standing, plaintiff must allege a "'concrete' injury," which "must be 'real, and not abstract.'" *Popa v. Microsoft Corp.*, 153 F.4th 784, 788 (9th Cir. 2025) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016)). Intangible harms may be "concrete" where they bear a "close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts," such as privacy harms of "disclosure of private information" and "intrusion upon seclusion." *TransUnion*, 594 U.S. at 425. Plaintiff must show an injury similar to the "highly offensive" interferences or disclosures "actionable at common law"—i.e., those involving the collection of "embarrassing, invasive, or otherwise private information." *Popa*, 153 F.4th at 791. The "nature of the information at issue" is critical to this inquiry. *Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023).

Plaintiff here identifies no such "highly offensive" interference or disclosure. *Khamooshi v. Politico LLC*, 2025 WL 2822879, at *3 (N.D. Cal. Oct. 2, 2025) (quoting *Popa*, 153 F.4th at 791). Indeed, plaintiff appears to concede this point: while asserting standing for her Section 631(a) claim based on "invasion of privacy," FAC ¶ 176, plaintiff pleads no standing allegations for her Section 638.51 claim.

Rather, the types of information necessarily implicated by plaintiff's Section 638.51 claim—"IP addresses, browser and device data, and other identifying information"—do not give rise to a privacy-based concrete injury as a categorical matter. *Khamooshi*, 2025

8

WL 2822879, at *2 (dismissing CIPA claim for lack of concrete privacy injury).  As the Ninth Circuit has explained, "Internet users have no expectation of privacy in … the IP addresses of the websites they visit."  *United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008).  That is because IP address and other record information is "voluntarily turned over in order to direct the third party's servers."  *Id.*; *see also Maghoney, v. Dotdash Meredith, Inc.*, 2026 WL 497402, at *5 (S.D. Cal. Feb. 23, 2026) (recognizing "no legally protected privacy interest in an IP address"); *Peter Dawidzik v. Tesla, Inc.*, 2025 WL 3786963, at *1, *4-6 (C.D. Cal. Dec. 29, 2025) (similar for "IP addresses, browser and device type," "referring URLs," or "unique identifiers (such as cookies and ad IDs)").[6]

And while plaintiff vaguely alludes to the collection of her "personal information," FAC ¶ 4, this does not establish a concrete injury.  "To survive a motion to dismiss," a plaintiff "must identify the 'specific personal information she disclosed that implicates a protectable privacy interest.'"  *Mikulsky*, 682 F. Supp. 3d at 864.  Insofar as plaintiff means "personal information" to be her name, there is no protectable privacy interest in this sort of information voluntarily disclosed and widely available to the public.  *See Smith v. Maryland*, 442 U.S. 735, 743-44 (1979) ("[A] person has no legitimate expectation of privacy in information he voluntarily turns over to third parties."); *Phillips v. U.S. Customs & Border Prot.*, 74 F.4th 986, 996 (9th Cir. 2023) (no injury for collection of plaintiffs' information available through "open source information available to the public").

---

[6] Other categories of information plaintiff asserts can be collected are further untethered to the Complaint's allegations regarding *plaintiff's* interactions with the Discover website. For example, plaintiff claims the TikTok Pixel can be configured to collect the "parameters for the currency used for the purchase, the value of the purchase, and the type of content purchased."  FAC ¶¶ 39, 46.  But as discussed, plaintiff has not alleged that *she* made a purchase or entered her credit card or other information.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-00457-MWF-PVC

### 2. Section 638.51 Applies to Telephone-Related Routing Information, Not Internet Data.

CIPA's text, "stated purpose," "structure[,] and history" reflect that its pen-register provisions were "aimed at telephonic-style surveillance, not at the routine operation of commercial websites." *Rodriguez v. Ink America Intern. Group LLC*, 2025 WL 4034985, at \*3 (Cal. Super. Dec. 10, 2025); *see also Scharon v. Paramount Global*, 2025 WL 2996812, at \*1-3 (Cal. Super. Oct. 03, 2025) (sustaining demurrer on CIPA claim where "Plaintiffs do not allege a telephone line was involved in this case"); *Sanchez v. Cars.com Inc.*, 2025 WL 487194, at \*3 (Cal. Super. Jan. 27, 2025) (Section 638.51 inapplicable to "internet communications").  While other decisions have reached a different conclusion, they cannot be squared with the statute's text.  *See Eating Recovery Ctr.*, 806 F. Supp. 3d at 1118 (cautioning against reading "any portion of CIPA … too broadly").

CIPA's definitions of a "pen register" and "trap and trace" device do not reference the Internet. *See* Cal. Penal Code § 638.50(b)-(c).  Conversely, the provision implementing Section 638.51's protections expressly references *telephone* technology.  *See Turrieta v. Lyft, Inc.*, 552 P.3d 835, 846 (Cal. 2024) (construing "entire substance of the statutes in order to determine their scope and purposes").  Section 638.51 provides that, subject to limited exceptions, "a person … first obtain[] a court order" before "install[ing] or us[ing] a pen register."  Cal. Pen. Code § 638.51.  Section 638.52, which sets forth requirements for a court order authorizing use of a pen register, provides that such order "*shall* specify"—without exception—"[t]he number and … physical location of the *telephone line* to which the pen register … is to be attached."  *Id.* § 638.52(d)(3) (emphasis added).  In other words, Section 638.52 presumes pen registers are to be used to monitor "telephone," not Internet, communications.  Plaintiff's attempt to expand CIPA's pen register provision to Internet communications would render this requirement a nullity, "violat[ing] the rule that '[c]ourts should give meaning to every word of a statute.'"  *People v. Franco*, 6 Cal. 5th 433, 437-38 (2018).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-00457-MWF-PVC

The legislative history of CIPA's pen register provision reaffirms the statute was not intended to apply to "internet communications such as websites." *Sanchez*, 2025 WL 487194, at *3; *see also Larkin v. Workers' Comp. Appeals Bd.*, 358 P.3d 552, 555 (Cal. 2015) (when statute is ambiguous, courts may "look to … legislative history"). Unlike CIPA's other provisions enacted in the 1960s, the legislature added the pen register provision to the penal code in 2015 to "govern[] how California law enforcement officials could obtain and use a pen register or trap and trace device." *Sanchez*, 2025 WL 487194, at *3. Yet the statute made no mention of the Internet. The legislature instead chose to regulate data transmission on the Internet via the CCPA. CIPA's 2015 pen register provision thus cannot be read as a cryptic attempt to regulate Internet data sharing when the legislature enacted a law regulating consumer privacy on the Internet just a few years later. *See J.M. v. Huntington Beach Union High Sch. Dist.*, 2 Cal. 5th 648, 654 (2017) ("The Legislature would not have created … specific but *superfluous* provision[s]."); *Whitman v. Am. Trucking Associations*, 531 U.S. 457, 468 (2001) (legislators do not "hide elephants in mouseholes").

As plaintiff concedes, any other result would target "how the internet normally works." *Aviles*, 2025 WL 487196, at *3; *see, e.g.*, FAC ¶ 18 ("IP addresses … form an essential part of how the internet works."). Under plaintiff's interpretation, "every website interaction that identifies electronic information about the user in a manner that allows the website to function" would be precluded—an interpretation "far afield from any concept of wiretapping." *Anne Heiting v. HP Inc.*, 2025 WL 2993673, at *2-4 (Cal. Super. Aug. 1, 2025); *see also Van Buren v. United States*, 593 U.S. 374, 393-94 (2021) (rejecting statutory interpretation that would "attach criminal penalties to a breathtaking amount of commonplace computer activity").

11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-00457-MWF-PVC

### 3. Section 638.51 Does Not Apply Because Discover Was a Party to Plaintiff's "Communications."

Plaintiff also has not stated a claim for relief under the statutory text. As the website operator, Discover was a party to plaintiff's alleged "communications with [it]" and cannot be held liable for purportedly "install[ing]" a pen register or trap-and-trace device on itself. FAC ¶¶ 32, 146.

In drafting CIPA's pen register provision, the legislature was concerned with prohibiting "a person, other than a provider of electronic or wire communication service for specified purposes," from "installing or using a pen register or a trap and trace device." 2015 Cal. Legis. Serv. Ch. 204 (A.B. 929) (West) (Legislative Counsel's Digest). As courts have recognized in the context of caller ID, pen register and trap-and-trace laws, like Section 638.51, were "designed to protect telephone users from unauthorized *third-party* or governmental intrusions"—not "to protect telephone users from one another." *Wis. Pro. Police Ass'n v. Pub. Serv. Comm'n of Wis.*, 555 N.W.2d 179, 188 (Wis. Ct. App. 1996) (emphasis added) (interpreting federal pen register act); *S. Bell Tel. & Tel. Co. v. Hamm*, 409 S.E.2d 775, 777-78 (S.C. 1991) (similar, interpreting state's pen register statute).

As plaintiff alleges, *Discover*—not a third party—"installed" the third-party tools on its *own* website. FAC ¶ 32; *see also id.* ¶ 65 ("the TikTok Software-which is installed on *Defendant's website*" (emphasis added)); *id.* ¶¶ 101, 117 (similar, Pinterest and Reddit). This does not give rise to liability. Were it otherwise, any user of a tool to identify incoming communications, such as a caller ID system on the user's own phone line, would also violate Section 638.51—an interpretation that makes little sense. *See Hamm*, 409 S.E.2d at 777-78 (rejecting interpretation that "if … carried to its logical conclusion" would mean that the "'911' emergency service, which technically functions the same as Caller ID, would violate [state's] trap and trace law"); *Sparshott v. Feld Ent., Inc.*, 311 F.3d 425, 432 (D.C. Cir. 2002) (similar).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-00457-MWF-PVC

Indeed, plaintiff's overbroad interpretation would seem to leave little pathway for lawful compliance by website operators who install software tools to support their website—conduct the legislature expressly authorized through the CCPA. *See supra* pp. 6-7. Section 638.51 provides only two exceptions to its general prohibition on installation or use of a pen register or a trap-and-trace device—(1) for electronic or wire communication service providers, subject to enumerated conditions, and (2) for peace officers who obtain a warrant. *See* Cal. Penal Code §§ 638.51(a)-(b), 638.52, 638.53. Plaintiff does not explain how a website operator lawfully could install on its *own* website the commonplace tools referenced in the FAC without violating Section 638.51.

That puzzling result would run afoul of settled principles of statutory interpretation. A statute must be read in its "context and with a view to [its] place in the overall statutory scheme." *Trim v. Reward Zone USA LLC*, 76 F.4th 1157, 1161 (9th Cir. 2023); *see also Dep't of Corr. & Rehab. v. Cal. State Pers. Bd.*, 147 Cal. App. 4th 797, 805 (2007) (similar principle of interpretation under California law). The legislature took care when enacting the CCPA to set forth nuanced rules governing the use of data sharing through third-party website tools, *see supra* pp. 6-7, and "would not have created … specific but *superfluous* provision[s]" like the CCPA if Section 638.51 already barred website operators from installing such tools altogether, *Huntington Beach Union High Sch. Dist.*, 2 Cal. 5th at 654.

Instead, legislators enacted Section 638.51 primarily "to authorize law enforcement to seek orders for telephone surveillance," *Casillas v. Transitions Optical, Inc.*, 2024 WL 4873370, at *2 (Cal. Super. Sep. 9, 2024)—not to banish *sub silentio* longstanding use of commonplace Internet technologies on a party's own website. The Federal Pen Register Act ("PRA") upon which Section 638.51 was modeled already provided this authorization, and Section 638.51 created a similar mechanism in California. Like the PRA, Section 638.51 said nothing about what a party to a communication installed on its own line, since the party already necessarily received the record information for the incoming communication. *See Wis. Pro. Police Ass'n*, 555 N.W.2d at 188 (PRA intended "to protect

13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-00457-MWF-PVC

telephone users from unauthorized third-party … intrusions"); *see also Bell v. Farmers Ins. Exch.*, 87 Cal. App. 4th 805, 817-18 (2001) (California courts guided by interpretations of analogous federal laws).

To the extent any doubt remained (it should not), the rule of lenity further requires limiting Section 638.51 to third parties who install devices to capture information about communications to which they are not a party. *See LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1134-35 (9th Cir. 2009) (rule of lenity applies to civil claim under penal statute); *Eating Recovery Ctr.*, 806 F. Supp. 3d at 1112 (applying rule of lenity to interpret CIPA). Moreover, courts must "narrowly construe civil statutes" like CIPA "that impose punitive civil penalties." *Eating Recovery Ctr.*, 806 F. Supp. 3d at 1112 (citing *Hale v. Morgan*, 22 Cal.3d 388, 401 (1978)); *see also* Cal. Pen. Code § 637.2(a) (purporting to impose $5,000 penalty per person injured by violation of CIPA). These principles instruct that "courts should generally resolve CIPA's many ambiguities in favor of [a] narrower interpretation." *Eating Recovery Ctr.*, 806 F. Supp. 3d at 1112.

### 4. Plaintiff's Section 638.51 Claim Contradicts Her Section 631(a) Theory.

Plaintiff cannot maintain a Section 638.51 claim when she simultaneously asserts the tools at issue captured the contents of her communications in violation of Section 631(a).

While CIPA's pen register provision defines a pen register and trap-and-trace device as excluding "the contents of a communication," Cal. Penal Code § 638.50, Section 631(a)'s second clause is triggered *only* when "the contents" of a "communication" are implicated, *id.* § 631(a). As the Ninth Circuit has clarified, "contents" excludes "record information … generated in the course of the communication." *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014).

The collection of the same data thus cannot simultaneously violate both Sections 638.51 and 631(a). Yet plaintiff contends the alleged data sharing does just that. In her

14

Section 631(a) claim, she contends Discover "willfully read or attempted to read or learn the contents" of plaintiff's "communications." FAC ¶ 171.  Then, in her Section 638.51 claim, which incorporates that allegation by reference, *see id.* ¶ 177, she alleges the third-party tools operate as pen registers when they transmit data, *see id.* ¶ 184.  These contradictory allegations necessitate dismissal of plaintiff's Section 638.51 claim.  *See* Cal. Penal Code § 638.50(b), (c); *see also Garcia v. Dermalogica, LLC*, 2025 WL 4057320, at *1-2 (Cal. Super. Nov. 19, 2025) (sustaining demurrer, since by alleging collection of "contents of communications," the complaint "says too much for a cause of action under section 638.51"); *Headspace*, 2025 WL 1237977, at *3 (similar).

Plaintiff cannot save her Section 638.51 claim by pleading in the alternative because neither alternative is viable.  If the third parties collect only metadata, plaintiff lacks Article III standing over her Section 638.51 claim because her "right to privacy is not invaded." *Kishnani v. Royal Caribbean Cruises Ltd.*, 2025 WL 1745726, at *5 (N.D. Cal. June 24, 2025), *appeal dismissed*, 2025 WL 2943080 (9th Cir. Oct. 3, 2025); *see also supra* Part IV.A.1.  But if "Defendant instead collects content information," the third-party tools are "not a trap and trace device."  *Kishnani*, 2025 WL 1745726, at *4-5.  Thus, taken together, the FAC lays bare the "futility of [p]laintiff's suit."  *Id.* at *5 (N.D. Cal. June 24, 2025); *cf. Total Coverage, Inc. v. Cendant Settlement Servs. Grp., Inc.*, 252 F. App'x 123, 126 (9th Cir. 2007) (plaintiff "cannot plead alternative theories that necessarily fail"); *Gyrodata Inc. v. Atl. Inertial Sys. Inc.*, 2011 WL 13213609, at *1 (C.D. Cal. June 3, 2011) (dismissing counterclaim where both "alternative theories … are insufficient to state a claim").

**B.      Plaintiff Fails to State a Claim Under Section 631(a).**

Section 631(a) of CIPA contains four clauses that prohibit: (1) "intentional wiretapping" of a "telegraph or telephone wire, line, cable, or instrument"; (2) "willfully attempting to learn the contents or meaning of a communication in transit over a wire"; (3) "attempting to use or communicate information obtained" by either two previous

15

activities; and (4) aiding and abetting this conduct.  *Cody v. Ring LLC*, 718 F. Supp. 3d 993, 998 (N.D. Cal. 2024); *see also* Cal. Pen. Code § 631(a).

Plaintiff does not and cannot pursue claims under Section 631(a)'s first three clauses. The first clause does not apply "to the context of the internet," *Licea v. Cinmar, LLC*, 659 F. Supp. 3d 1096, 1104 (C.D. Cal. 2023) (Fitzgerald, J.), and plaintiff does not allege *Discover* engaged in the asserted wiretapping under clause two, nor state a predicate violation of either first two clauses to support a claim under clause three.

Plaintiff instead pursues an aiding-and-abetting claim against Discover under Section 631(a)'s fourth prong—which is contingent on plaintiff alleging an underlying violation by the third parties.  *See* FAC ¶ 173.  Plaintiff's claim fails.

### 1. Plaintiff Has Not Alleged an Underlying Violation of Section 631(a), As Required for Aiding-and-Abetting Liability.

Plaintiff does not plausibly allege the third parties committed a predicate violation of Section 631(a)'s second clause, requiring that the third parties willfully "read[], or attempt[] to read, or to learn the contents" of plaintiff's "communication while the same [was] in transit" to Discover.  Cal. Penal Code § 631(a).

### a) Plaintiff Has Not Alleged Interception of the "Contents" of Communication.

"'[C]ontents' refers to the intended message conveyed by the communication, and does not include record information regarding the characteristics of the message."  *In re Zynga Priv. Litig.*, 750 F.3d at 1106.

Plaintiff fails to plead anything about what purportedly was collected *from her*, and thus cannot show that collection amounted to the contents of her communications. Although plaintiff conclusorily asserts that the "contents of [her] communications with Defendant were intercepted," FAC ¶ 146, and that the third-party tools *can* collect certain information, including "actions that visitors take on the websites," *e.g.*, *id.* ¶¶ 103, 119, she does not allege that she "personally engaged in any communications … whose content

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-00457-MWF-PVC

could have been intercepted," *Wiley v. Universal Music Grp., Inc.*, 2025 WL 3654085, at *7 (N.D. Cal. Dec. 17, 2025) (collecting authorities).

Instead, the FAC contains several allegations about the unrelated retailer Wayfair—either copy-and-paste error or reinforcement of the FAC's lack of allegations specific to *this plaintiff's* experience on *this website*. *See* FAC ¶¶ 65, 71, 78. And although the FAC contains more than a dozen figures that allegedly "demonstrate[]" Discover's use of the third-party tools, *id.* ¶ 92, the figures reflect—as plaintiff concedes—only the website interactions of an unknown "user." *See, e.g.*, *id.* at 16, fig. 11 ("*Sample* credit card application on the Website"); *id.*, fig. 12 ("[i]nformation collected … when *a user* visits the sample webpage"); *id.* ¶ 92 & figs. 15-16 ("the screenshots … follow *a user's* journey to applying for a credit card"); *id.* at 34, fig. 20 ("Reddit Pixel tracking *a user* adding the product … to their cart") (emphases supplied).

As to plaintiff's own interaction with the Discover website, she alleges only that she "visited the Website, as recently as May 2025, to search for credit card options" and to "compare credit cards," and that her "personal information was … shared with TikTok and other third-party social media companies as a result of Defendant's implementation" of the third-party tools. FAC at 2 & ¶ 4. These allegations establish nothing about what interactions *plaintiff* allegedly had with the Discover website or what asserted "communications" of *plaintiff* were purportedly shared with third parties, and are thus insufficient to state a claim. *See Shah v. MyFitnessPal, Inc.*, 2026 WL 216334, at *7 (N.D. Cal. Jan. 27, 2026) (dismissing Section 631(a) claim where "plaintiffs do not specifically allege that *their* communications were intercepted by any third parties"); *Lewis v. Magnite, Inc.*, 2025 WL 3687546, at *12 (C.D. Cal. Dec. 4, 2025) (similar); *Beltran v. Drs. Med. Ctr. of Modesto*, 2025 WL 1635467, at *11 (E.D. Cal. June 9, 2025) (similar).

Moreover, the information plaintiff identifies may be collected from some visitors, such as IP address and other record information, FAC ¶¶ 40, 104, 123, is nonactionable record information, *see supra* Part IV.A.1; *see also Jones v. Tonal Sys., Inc.*, 751 F. Supp.

17

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-00457-MWF-PVC

3d 1025, 1038 (S.D. Cal. 2024) ("web browser" and "device [] used" not content); *Mikulsky v. Bloomingdale's, LLC*, 713 F. Supp. 3d 833, 845 (S.D. Cal. 2024) ("key presses, page navigation, changes to visual elements in the browsers, network requests" not content).

### a) Plaintiff Has Not Alleged Third Parties Read or Attempted to Read Communication While in Transit.

Nor does plaintiff plausibly allege the third parties "read[], or attempt[ed] to read, or to learn" the "contents" of any communication while they were "in transit" to Discover. Cal. Penal Code § 631(a). Plaintiff asserts "[t]he interception, duplication, and sending" to the third parties "occurred inside [her] browser before reaching any destination, therefore occurring while in transit." FAC ¶ 147. But "conclusory" allegations that proffer no "specific facts as to how or when the interception takes place" "fall short of stating a plausible claim under section 631(a)." *Licea v. Am. Eagle Outfitters, Inc.*, 659 F. Supp. 3d 1072, 1084-85 (C.D. Cal. 2023) (Fitzgerald, J.) (complaint's "bare allegations" that "the third party … secretly intercept[s] (during transmission and in real time)" does not "adequately allege that their conversations were intercepted in transit"); *see also Cinmar*, 659 F. Supp. 3d at 1111 (same).

Further, "more than just intercept[ing] the contents" is required to state a claim. *Magnite, Inc.*, 2025 WL 3687546, at *12. Rather, "some effort at understanding the substantive meaning of the communication" is required. *Eating Recovery Ctr. LLC*, 806 F. Supp. 3d at 1117. Plaintiff alleges no facts that the third parties attempted to or did read or learn the contents of plaintiff's communications while in transit, *see generally* FAC; *cf. Eating Recovery Ctr.*, 806 F. Supp. 3d at 1119 (summary judgment for defendant on CIPA claim); *see also Torres v. Prudential Fin., Inc.*, 2025 WL 1135088, at *7 (N.D. Cal. Apr. 17, 2025) (similar).

Indeed, plaintiff alleges only that *Discover* "read or attempted to read or learn the contents" of her communications. FAC ¶ 171. This is insufficient for an aiding-and-abetting claim, which requires an underlying violation of Section 631(a)'s second clause

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-00457-MWF-PVC

"by [the third party]," *Cody*, 2025 WL 240763, at *4.  After all, a party "cannot intercept communications to which [they] [are] already a party."  *Pena v. GameStop, Inc.*, 670 F. Supp. 3d 1112, 1120 (S.D. Cal. 2023).

**b)      Plaintiff Has Not Pleaded a Third Party's Intentional Violation of Section 631.**

Finally, plaintiff has not pleaded facts showing that any third party willfully intercepted her communications, as required to allege an underlying violation of Section 631(a).  *See* Cal. Penal Code § 631(a) (prohibiting willful conduct).

While plaintiff claims information was shared without her "express or implied consent," FAC ¶¶ 4, 140, 151, she admits that each third party's terms of use directed Discover to "obtain all necessary rights, permissions, and lawful bases, *including consent*," *id.* ¶¶ 49, 52 (TikTok); *see also id.* ¶¶ 93, 99, 113, 115, 129, 131 (similar, Meta, Pinterest, Reddit).  Further, Meta's Business Tool Terms, which the FAC expressly cites, *id.* ¶¶ 94-95, requires users like Discover to "represent and warrant" that they will not share with Meta data that "includes … financial information or other categories of sensitive information."  RJN Ex. D, Meta Business Tool Terms § 1(8) (Apr. 25, 2023).  Plaintiff does not assert facts suggesting the third parties acted willfully—i.e., that they believed Discover was violating these terms (Discover was not), much less that the third parties *intended* Discover to violate them.

Rather, as plaintiff's allegations quoting from and citing these terms reflect, the third parties directed Discover to share information consistent with applicable laws and to exclude certain financial and other sensitive information.  These allegations "indicate [the third parties] either had no intention of receiving the data at issue or had some alternative *mens rea* not rising to the level of intentionality."  *B.K. v. Desert Care Network*, 2024 WL 1343305, at *7 (C.D. Cal. Feb. 1, 2024) (dismissing Section 631(a) claim for failure to plead predicate violation by Meta, where complaint "repeatedly mentions Meta's express

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-00457-MWF-PVC

desire not to receive health data from its business partners"); *see also Doe v. Talkiatry Mgmt. Servs., LLC*, 2025 WL 3190813, at *4 (C.D. Cal. Oct. 1, 2025) (similar).

### 2. Discover Cannot Be Held Liable Under an Aiding-and-Abetting Theory.

Because plaintiff fails to plead a predicate third-party violation of Section 631(a), her aiding-and-abetting theory "necessarily fails." *Cody*, 2025 WL 240763, at *4.

Even if plaintiff had plausibly alleged a predicate violation, however, plaintiff does not plead that Discover had knowledge of any such violation. To state an aiding-and-abetting claim under Section 631(a), plaintiff must plausibly allege defendant knew that (1) "the other's conduct constitute[s] a breach of duty"—i.e., that the third-parties' conduct violated CIPA, *Esparza v. UAG Escondido A1 Inc.*, 2024 WL 559241, at *6 (S.D. Cal. Feb. 12, 2024), and (2) the third parties were doing so for their own use, not as a service provider to Discover, *see Heiting v. Taro Pharms. USA, Inc.*, 728 F. Supp. 3d 1112, 1127 n.14 (C.D. Cal. 2024) (plaintiff must allege defendant "knew [the primary violator] would use the information collected for the benefit of other … customers").

The FAC falls short on both prongs. *First*, plaintiff offers no factual allegations that Discover knew its configuration of the third-party tools would violate Section 631(a), and absent such allegations, plaintiff cannot state an aiding-and-abetting claim. *See Valenzuela v. Kroger Co.*, 2025 WL 851075, at *2 (C.D. Cal. Mar. 13, 2025) (dismissing aiding-and-abetting claim for failure to allege "how [website operator] either knew [vendor's] conduct constituted a breach of duty" or committed a breach itself); *Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 942-43 (N.D. Cal. 2024) (same, where plaintiff did not plead defendant "knowingly agreed with or employed [the third-party processor] to engage in conduct that violated" CIPA).

*Second*, plaintiff has not alleged Discover knew the third parties were violating Section 631(a) for their own use. While plaintiff asserts the third parties "independently benefit" from the collected data, FAC ¶ 156; *see also id.* ¶¶ 45, 91, 155, and that Discover

20

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-00457-MWF-PVC

agreed to the third parties' terms informing website owners that use of their tools would result in data sharing, *id.* ¶¶ 49-50, 94-95, 113, 129-30, plaintiff does not allege Discover *knew* the third parties used its website visitors' data for the third parties' own (as opposed to Discover's) benefit.[7]

Plaintiff's aiding-and-abetting claim accordingly fails. *See Rodriguez v. Ford Motor Co.*, 722 F. Supp. 3d 1104, 1124 (S.D. Cal. 2024) (dismissing aiding-and-abetting claim where no allegation that defendant "knew [the third party] was using the chat data beyond storing it for Defendant" or was "distributing the chat data to Meta").

## V. CONCLUSION

For the reasons stated, plaintiff's CIPA claims should be dismissed.

Finally, absent class members may be subject to arbitration agreements with Discover, and Discover reserves rights to move to compel as to individuals who are not currently parties to this case. *See Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1238 (11th Cir. 2018) ("[B]efore [class certification] … any plaintiffs beyond those named in the complaint are speculative and beyond the reach of the Court's power.").

---

[7] Plaintiff does not allege how the Meta Pixel or other third-party tools were configured on Discover's website when she visited it, including whether the Meta LDU feature was enabled. The LDU feature would require Meta to act *only* as a service provider to Discover with respect to any covered data and thus preclude Meta from retaining or using data transmitted through the Pixel for its own purposes.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-00457-MWF-PVC

Dated: March 11, 2026                    By:   */s/ Kathryn E. Cahoy*

Kathryn E. Cahoy (SBN 298777)
Amy S. Heath (SBN 312516)
COVINGTON & BURLING LLP
5 Palo Alto Square
Palo Alto, California  94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: kcahoy@cov.com
Email: aheath@cov.com

*Counsel for Defendant Capital One Financial Corp.*

22

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-00457-MWF-PVC

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Capital One Financial Corp. ("Discover") certifies that this brief contains 6,928 words, which complies with the word limit of L.R. 11-6.1.

Dated: March 11, 2026                    By:  */s/ Kathryn E. Cahoy*
                                                 _____

KATHRYN E. CAHOY (SBN 298777)
COVINGTON & BURLING LLP
5 Palo Alto Square
Palo Alto, California  94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: kcahoy@cov.com

*Counsel for Defendant Capital One Financial Corp.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-00457-MWF-PVC