Kathryn E. Cahoy (SBN 298777)
Amy S. Heath (SBN 312516)
COVINGTON & BURLING LLP
5 Palo Alto Square
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: kcahoy@cov.com
Email: aheath@cov.com

*Counsel for Defendant Capital One Financial Corp.*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIANCA JOHNSTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION,<br><br>Defendant. | Civil Case No.: 2:26-cv-00457-MWF-PVC<br><br>**DEFENDANT CAPITAL ONE FINANCIAL CORP.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Hearing Date: May 4, 2026<br>Time: 10:00 a.m.<br>Judge: Hon. Michael W. Fitzgerald<br>Courtroom: 5A |

## I. INTRODUCTION

Defendant Capital One Financial Corp. ("Discover") respectfully requests that the Court take judicial notice of and/or deem incorporated by reference the following documents described below, which are authenticated as Exhibits A through D in the attached Declaration of Kathryn E. Cahoy in Support of Defendant's Request for Judicial Notice ("Cahoy Declaration"):

- **Exhibit A**: A true and correct copy of the Meta Developers webpage titled "Data Processing Options for US Users," generated on March 10, 2026;
- **Exhibit B**: A true and correct copy of Discover's Privacy Policy, last updated May 18, 2025, and obtained via a Wayback Machine capture from June 21, 2025;
- **Exhibit C**: True and correct copies of complaints filed in the following six civil actions ("Plaintiff's Other Actions"): *Johnston v. Cars.com Inc.*, No. 25-cv-2446 (C.D. Cal. Sept. 17, 2025); *Johnston v. Adobe Inc.*, No. 25-cv-3052 (N.D. Cal. Apr. 3, 2025); *Shamsi & Johnston v. Thrift Books Global, LLC*, No. 25-cv-1388 (N.D. Cal. Feb. 10, 2025); *Venerable et al. v. Ticketmaster, LLC et al.*, No. 25STCV24749 (Cal. Super. Ct. Aug. 15, 2025); *Maldonado et al. v. Apple, Inc.*, No. 25CV467217 (Cal. Super. Ct. May 30, 2025); *Cox et al. v. Google LLC*, No. 25CV459563 (Cal. Super. Ct. Feb. 21, 2025);
- **Exhibit D**: A true and correct copy of the Meta Business Tool Terms, last updated April 25, 2023, and obtained via a Wayback Machine capture from July 7, 2025.

## II. ARGUMENT

In deciding motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S.

308, 322 (2007)); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court may "consider … documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice … without converting the motion to dismiss into a motion for summary judgment").

Under the incorporation-by-reference doctrine, the Court may consider documents attached to or referenced in the complaint and documents that are "integral" to the plaintiff's claims and whose authenticity "is not in question," even if the complaint does not explicitly cite them. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). And Federal Rule of Evidence 201 permits the Court to take judicial notice of an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

For the reasons explained below, the following documents are properly considered by the Court (i) under the incorporation-by-reference doctrine, and/or (ii) as judicially noticeable:

<u>Discover and Meta Web Pages (Exhibits A, B, and D)</u>. The Court may properly consider printouts from publicly available Meta and Discover webpages, specifically: (1) the current version of the Meta Developers website page titled "Data Processing Options for US Users," generated on March 10, 2026, *see* https://perma.cc/EUD8-BHRJ; (**Exhibit A**); (2) the archived version of the Meta Business Tool Terms, last updated April 25, 2023, and publicly accessible through the Wayback Machine, *see* https://web.archive.org/web/20250707094441/https://www.facebook.com/legal/technology_terms (captured July 7, 2025) (**Exhibit D**); and (3) the archived version of the Discover Privacy Policy, last updated May 18, 2025, also publicly accessible through the Wayback

Machine, *see* https://web.archive.org/web/20250621173345/https://www.discover.com/privacy-statement/online-privacy-statement.html (captured June 21, 2025) (**Exhibit B**).

First, the Meta webpages (Exhibits A and D) are incorporated by reference. The First Amended Complaint ("FAC") repeatedly references and quotes from pages from the Meta Developers website, *see* FAC ¶¶ 81, 83, 93, and expressly references and cites the Meta Business Tool Terms, *see id.* ¶¶ 94-96. Moreover, plaintiff's "characterizations" of the Meta Pixel—which is among the Meta Business Tools that offers the Limited Data Use ("LDU") processing option addressed in the "Data Processing Options for US Users" webpage (Exhibit A) and that is governed by the Meta Business Tool Terms (Exhibit D)—"'form the basis' of [plaintiff's] lawsuit." *Jones v. Tonal Sys., Inc.*, 751 F. Supp. 3d 1025, 1031 (S.D. Cal. 2024).

Specifically, plaintiff's claims, that Discover aided and abetted Meta's violations of CIPA Section 631(a) and deployed a pen register and trap and trace device, depend on her incomplete description of the Meta Pixel's functionality, and plaintiff selectively quotes from the Meta webpages to support these claims. Plaintiff does not, for example, include citations to the Meta page (Data Processing Options for US Users, Exhibit A) explaining that website operators can enable the LDU feature so as to limit how Meta uses information transmitted through the Meta Pixel for website visitors in California and other states. *See generally* FAC. And while plaintiff quotes from the Meta Business Tool Terms, *see* FAC ¶ 96, plaintiff omits the portion of the Terms requiring website users, like Discover, to "represent and warrant" that they will not share with Meta data that "includes … financial information or other categories of sensitive information." Meta Business Tool Terms § 1(8) (Apr. 25, 2023) (Exhibit D).

Treating printouts of the full Meta webpages as incorporated by reference would thus serve one of the policy goals of this doctrine, which is to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen*

*Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citations omitted). In addition, neither party can question the authenticity of these Meta webpages.

The Court may further take judicial notice of the Meta Developers website page, the Meta Business Tool Terms, and the Discover Privacy Policy (Exhibits A, B, D), as "websites and their contents may be proper subjects for judicial notice provided … the party submits a copy of the relevant webpage to the court." *Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047, 1053 (N.D. Cal. 2025) (in CIPA action, taking judicial notice of "policies publicly available on [defendant's] Website," including Privacy Policy, and related screens); *see also Tonal Sys.*, 751 F. Supp. 3d at 1031 (same, of "printouts of publicly available webpages," including product guide for chat feature on third-party provider's website at issue in suit); *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 189 (N.D. Cal. 2019) (same, of publicly available websites, including privacy disclosures); *Matera v. Google Inc.*, 2016 WL 8200619, at *5 (N.D. Cal. Aug. 12, 2016) (same, of multiple versions of Google's privacy policy, including archived versions); *see also Wallster, Inc. v. Redbubble, Inc.*, 2022 WL 17371051, at *1 n.1 (C.D. Cal. Oct. 21, 2022) (judicially noticing publicly available policies and user agreement).

Further, judicial notice of "the contents of web pages available through the Wayback Machine" is appropriately taken "as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015); *see also Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (granting judicial notice of Wayback Machine versions of privacy policies); *Matera*, 2016 WL 8200619, at *5 (similar).

<u>Complaints From Plaintiff's Other Actions (Exhibit C)</u>. Exhibit C consists of six complaints brought by plaintiff in California federal and state court asserting causes of action under the California Invasion of Privacy Act ("CIPA") against other, unrelated defendants. "It is well-established that courts may take judicial notice of the pleadings, filings, and court records of any court." *Reconstruction Experts, Inc. v. Associated Indus.*

*Ins. Co.*, 2025 WL 3030586, at *3 (C.D. Cal. Oct. 8, 2025) (Fitzgerald, J.); *see also Abrams v. BCMB1 Tr.*, 2024 WL 6963817 (C.D. Cal. Apr. 4, 2024) (Fitzgerald, J.) (similar). These court filings are matters of public record, and the existence of these filings is thus a proper subject for judicial notice.

## III. CONCLUSION

For the foregoing reasons, Discover respectfully requests that the Court take judicial notice of and/or deem incorporated by reference the documents attached as Exhibits A through D to the Cahoy Declaration.

Dated: March 11, 2026

By: */s/ Kathryn E. Cahoy*

Kathryn E. Cahoy (SBN 298777)
Amy S. Heath (SBN 312516)
COVINGTON & BURLING LLP
5 Palo Alto Square
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: kcahoy@cov.com
Email: aheath@cov.com

*Counsel for Defendant Capital One Financial Corp.*