Kathryn E. Cahoy (SBN 298777)
Amy S. Heath (SBN 312516)
COVINGTON & BURLING LLP
5 Palo Alto Square
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: kcahoy@cov.com
Email: aheath@cov.com

*Counsel for Defendant Capital One Financial Corp.*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIANCA JOHNSTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION,<br><br>Defendant. | Civil Case No.: 2:26-cv-00457-MWF-PVC<br><br>**DEFENDANT CAPITAL ONE FINANCIAL CORP.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Hearing Date: May 4, 2026<br>Time: 10:00 a.m.<br>Judge: Hon. Michael W. Fitzgerald<br>Courtroom: 5A |

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. ARGUMENT ..... 2

A. The Opposition Does Nothing to Salvage Plaintiff's Section 631(a) Claim. ..... 2

1. Plaintiff Has Not Alleged an Underlying Violation of Section 631(a), As Required for Aiding-and-Abetting Liability. ..... 2

2. Plaintiff's Opposition Fails to Show Discover Had the Mental State Required for an Aiding-and-Abetting Claim. ..... 7

B. Plaintiff Does Not Contest She Lacks Article III Standing for Her Section 638.51 Claim. ..... 8

C. Plaintiff Cannot Maintain a Claim Under CIPA Section 638.51. ..... 11

1. Plaintiff's Application of Section 638.51 to Internet Communications Contradicts CIPA's Statutory Text and Purpose and Would Render the CCPA Superfluous. ..... 11

2. Plaintiff Fails to Show Section 638.51 Applies to a Party's Own Website. ..... 15

III. CONCLUSION ..... 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anne Heiting v. HP Inc.*,
2025 WL 2993673 (Cal. Super. Aug. 1, 2025) ........ 15, 17

*Ariz. State Bd. for Charter Schs. v. U.S. Dep't of Educ.*,
464 F.3d 1003 (9th Cir. 2006) ........ 17

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 6

*B.K. v. Desert Care Network*,
2024 WL 1343305 (C.D. Cal. Feb. 1, 2024) ........ 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 6, 8

*Beltran v. Drs. Med. Ctr. of Modesto*,
2025 WL 1635467 (E.D. Cal. June 9, 2025) ........ 3

*Bradshaw v. Lowe's Cos., Inc.*,
2025 WL 3171740 (S.D. Cal. Nov. 12, 2025) ........ 12

*Campbell v. Facebook Inc.*,
77 F. Supp. 3d 836 (N.D. Cal. 2014) ........ 5

*Carvalho v. Equifax Info. Servs., LLC*,
629 F.3d 876 (9th Cir. 2010) ........ 4, 18

*Casillas v. Transitions Optical, Inc.*,
2024 WL 4873370 (Cal. Super. Sep. 9, 2024) ........ 16

*Caterpillar Inc. v. Williams*,
482 U.S. 386 (1987) ........ 4, 10

*Clark v. State Farm Mut. Auto. Ins. Co.*,
231 F.R.D. 405 (C.D. Cal. 2005) ........ 8

*Cucci v. Edwards*,
510 F. Supp. 2d 479 (C.D. Cal. 2007) .......... 11

*DaimlerChrysler Corp. v. Cuno*,
547 U.S. 332 (2006) .......... 9

*Day v. City of Fontana*,
19 P.3d 1196 (Cal. 2001) .......... 13

*Dix v. Superior Ct.*,
807 P.2d 1063 (Cal. 1991) .......... 13

*Doe v. Eating Recovery Ctr. LLC*,
806 F. Supp. 3d 1109 (N.D. Cal. 2025) .......... 18

*Doe v. Talkiatry Mgmt. Servs., LLC*,
2025 WL 3190813 (C.D. Cal. Oct. 1, 2025) .......... 6

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
751 F.3d 990 (9th Cir. 2014) .......... 6

*Greenley v. Kochava, Inc.*,
684 F. Supp. 3d 1024 (S.D. Cal. 2023) .......... 12

*Harman v. Target Corp.*,
2012 WL 12892305 (C.D. Cal. Oct. 29, 2012) .......... 10

*Heiting v. Taro Pharms. USA, Inc.*,
728 F. Supp. 3d 1112 (C.D. Cal. 2024) .......... 7

*Hughes v. Dave & Buster's Ent., Inc.*,
2025 WL 2996811 (Cal. Super. July 16, 2025) .......... 11

*Kearney v. Salomon Smith Barney, Inc.*,
137 P.3d 914 (Cal. 2006) .......... 17

*Lesh v. Cable News Network, Inc.*,
767 F. Supp. 3d 33 (S.D.N.Y. 2025) .......... 12

*Lewis v. Magnite, Inc.*,
2025 WL 3687546 (C.D. Cal. Dec. 4, 2025) .......... 3, 5

*Licea v. Am. Eagle Outfitters, Inc.*,
659 F. Supp. 3d 1072 (C.D. Cal. 2023) .......... 4, 5, 16

*Licea v. Cinmar, LLC*,
659 F. Supp. 3d 1096 (C.D. Cal. 2023) ..................... 5

*Licea v. Hickory Farms LLC*,
2024 WL 1698147 (Cal. Super. Mar. 13, 2024) ..................... 15

*Little v. Pac. Gas & Elec. Co.*,
2022 WL 612668 (N.D. Cal. Mar. 1, 2022) ..................... 11

*LVRC Holdings LLC v. Brekka*,
581 F.3d 1127 (9th Cir. 2009) ..................... 18

*Martin v. Franklin Cap. Corp.*,
546 U.S. 132 (2005) ..................... 10

*Mendoza v. Fonseca McElroy Grinding Co.*,
492 P.3d 993 (Cal. 2021) ..................... 13

*Mirmalek v. Los Angeles Times Commc'ns LLC*,
2024 WL 5102709 (N.D. Cal. Dec. 12, 2024) ..................... 12

*Mocek v. Allsaints USA Ltd.*,
220 F. Supp. 3d 910 (N.D. Ill. 2016) ..................... 10

*Moody v. C2 Educational Systems Inc.*,
742 F. Supp. 3d 1072 (C.D. Cal. 2024) ..................... 12

*Moss v. ResortPass Inc.*,
2025 WL 3452360 (Cal. Super. Oct. 30, 2025) ..................... 18

*Oxnard Manor LP v. Hallmark Specialty Ins. Co.*,
2023 WL 8191128 (C.D. Cal. Sept. 15, 2023) ..................... 4

*Rodriguez v. Autotrader.com, Inc.*,
762 F. Supp. 3d 921 (C.D. Cal. 2025) ..................... 12

*Rodriguez v. Ink Am. Intern. Grp. LLC*,
2025 WL 4034985 (Cal. Super. Dec. 10, 2025) ..................... *passim*

*Rodriguez v. Sparc Group, LLC*,
2025 WL 2993671 (Cal. Super. July 09, 2025) ..................... 17

*Rounds v. Dev. Dimensions Int'l, Inc.*,
2026 WL 746291 (C.D. Cal. Mar. 11, 2026) ..................... 11

*S. Bell Tel. & Tel. Co. v. Hamm*,
409 S.E.2d 775 (S.C. 1991) ........ 16

*Sanchez v. Cars.com Inc.*,
2025 WL 487194 (Cal. Super. Jan. 27, 2025) ........ 15

*Scharon v. Paramount Glob.*,
2025 WL 2996812 (Cal. Super. Oct. 3, 2025) ........ 12, 13

*Shah v. Fandom, Inc.*,
754 F. Supp. 3d 924 (N.D. Cal. 2024) ........ 12

*Shah v. MyFitnessPal, Inc.*,
2026 WL 216334 (N.D. Cal. Jan. 27, 2026) ........ 3

*Shinotsuka v. Fed. Corr. Inst. Terminal Island*,
2023 WL 6812759 (C.D. Cal. Sept. 14, 2023) ........ 9

*Smith v. LoanMe, Inc.*,
483 P.3d 869 (Cal. 2021) ........ 17, 18

*Smith v. Maryland*,
442 U.S. 735 (1979) ........ 15

*Smith v. YETI Coolers, LLC*,
754 F. Supp. 3d 933 (N.D. Cal. 2024) ........ 7, 8

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
802 F. Supp. 2d 1125 (C.D. Cal. 2011) ........ 5, 8

*United States v. Forrester*,
512 F.3d 500 (9th Cir. 2008) ........ 15

*Valenzuela v. Kroger Co.*,
2025 WL 851075 (C.D. Cal. Mar. 13, 2025) ........ 7

*Walker v. Kroger Co.*,
2022 WL 20208929 (N.D. Cal. June 21, 2022) ........ 10

*Wiley v. Universal Music Grp., Inc.*,
2025 WL 3654085 (N.D. Cal. Dec. 17, 2025) ........ 3

*Wilson v. Cox Media, Inc.*,
2024 WL 3008859 (C.D. Cal. May 2, 2024) ........ 4

*Wis. Pro. Police Ass'n v. Pub. Serv. Comm'n of Wis.*,
555 N.W.2d 179 (Wis. Ct. App. 1996) .......... 16

**Statutes**

28 U.S.C. § 1332 .......... 2, 9, 10

28 U.S.C. § 1447 .......... 10

Cal. Civ. Code § 1798.100. .......... 12

Cal. Civ. Code § 1798.110 .......... 13

Cal. Civ. Code § 1798.130 .......... 13

Cal. Civ. Code § 1798.175 .......... 15

Cal. Pen. Code § 629.51 .......... 17

Cal. Pen. Code § 630 .......... 13

Cal. Pen. Code § 631 .......... *passim*

Cal. Pen. Code § 632 .......... 16, 17, 18

Cal. Pen. Code § 632.7 .......... 16, 17, 18

Cal. Pen. Code § 633.02 .......... 13

Cal. Pen. Code § 638.50 .......... 17

Cal. Pen. Code § 638.51 .......... *passim*

**Other Authorities**

Bill Analysis, Assemb. Comm. on Pub. Safety, Rep. on S. 690,
(Cal. 2025–2026 Reg. Sess. June 30, 2025) .......... 14

Federal Rule of Civil Procedure 8 .......... 6, 8

Federal Rule of Civil Procedure 9(b) .......... 6, 8

Federal Rule of Civil Procedure 12(b) .......... 2, 9, 10

# I. INTRODUCTION

Plaintiff's Opposition lays bare the fundamental infirmities of her complaint—the lack of any concrete factual allegations about *this plaintiff's* interactions with *this defendant*'s website. These pleading failures are consistent with plaintiff's record in this and other cases and require dismissal of her claims.

A serial litigant who has filed at least six other cases asserting CIPA claims within just the last year, plaintiff now is on her second attempt to plead her claims against Discover and again has fallen short. Plaintiff's original Complaint asserted blatantly erroneous allegations, including that the Discover website contained a misleading "cookie banner" pop-up notice, even though Discover's website has never had a cookie banner. *See* Original Compl., ECF 1-4; Mot. 1, 4. Lacking any argument that she had a good-faith basis for those allegations, plaintiff amended to remove them, and in doing so, filed what appears to be yet another copy-and-paste job about a *different* website. She added allegations about what supposedly happens on a Wayfair website yet still fails to allege what information was purportedly collected from *her* on *Discover*'s site. Instead of explaining this puzzling pattern of errors and inapplicable allegations, plaintiff's Opposition remains silent, attempting instead to mischaracterize Discover's arguments and misstate the applicable law. Plaintiff's attempts should be rejected.

*First*, Plaintiff's FAC contains a CIPA Section 631(a) claim, which requires pleading (among other elements) that a person read or attempted to read or learn the *contents* of a communication while in transit. Continuing her pattern of including inaccurate or inapposite material in her pleading, plaintiff now unambiguously represents that the third-party tools at issue "do not collect the contents of a communication." Opp. 9. This representation is not simple "plead[ing] in the alternative," *id.* 14; it amounts to an admission that her Section 631 claim cannot proceed as a matter of law. The Opposition also avoids addressing other deficiencies in plaintiff's Section 631(a) claim, including

plaintiff's failure to plead factual allegations that any party read or attempted to read or learn the contents of a communication in transit, that any party had the necessary *mens rea* to commit a violation of this section, or that Discover "aid[ed], agree[d] with, employ[ed], or conspire[d]" with a third party to "cause to be done" any unlawful predicate act, Cal. Penal Code § 631(a).

As to plaintiff's Section 638.51 claim, plaintiff does not contest her failure to plead an injury-in-fact with respect to this claim—a concession that should be fatal to this cause of action. Because this case was properly removed under CAFA, this second cause of action can be dismissed under Rule 12(b)(1). The FAC also fails to state a claim for relief under Rule 12(b)(6). CIPA's definitions of "pen register" and "trap and trace" do not apply to data collection over the Internet, as the statutory text and common sense both show. And because Discover was a party to any purported communication by plaintiff with Discover's own website, Discover cannot be held liable under Section 638.51 for supposedly using a pen register or trap-and-trace device.

## II. ARGUMENT

### A. The Opposition Does Nothing to Salvage Plaintiff's Section 631(a) Claim.

Plaintiff's half-hearted defense of her Section 631(a) claim does not overcome the multiple pleading deficiencies Discover identified in its Motion, including plaintiff's failure to plausibly allege that a third party (1) read or attempted to read or to learn (2) the contents of a communication, (3) while in transit, (4) with intent. Without an underlying predicate violation, Discover cannot be liable under an aiding-and-abetting theory.

The aiding-and-abetting theory also fails for a second, independent reason: plaintiff did not allege Discover had the required mental state. The Section 631(a) claim thus should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

#### 1. Plaintiff Has Not Alleged an Underlying Violation of Section 631(a), As Required for Aiding-and-Abetting Liability.

Plaintiff does not allege that Discover itself engaged in intentional wiretapping or willfully tried to read or learn "the contents" of a "communication … in transit." Cal. Penal

§ 631(a); *see* Mot. 15-16; Opp. 15-18. Instead, she asserts only an aiding-and-abetting claim against Discover. This claim fails because plaintiff does not adequately allege multiple elements of a predicate Section 631(a) violation by any third party.

**a) Plaintiff Effectively Concedes Her Section 631 Claim by Admitting the Data at Issue Are Not Contents of Communications.**

Plaintiff now admits that the data she claims the third-party tools collect are "not the contents of a communication." Opp. 9 ("The Tracking Tools do not collect the contents of a communication."). She further concedes that "a claim under § 631 cannot exist simultaneously with a claim under § 638.51." *Id.* at 14. And she has no response to the arguments in Discover's motion that she failed to plead facts about her own experience on the Discover website that would establish the collection of the contents of communications. Mot. 16-17 (cataloguing conclusory allegations); Opp. 9-10, 14-18 (stating "Plaintiff alleges that the Tracking Tools collects a user's IP address," and reiterating conclusory assertions).[1] These concessions amount to a fatal acknowledgment that her Section 631 claim cannot proceed. *See Wiley v. Universal Music Grp., Inc.*, 2025 WL 3654085, at *7 (N.D. Cal. Dec. 17, 2025) (dismissing wiretapping claim (collecting authorities)).[2]

Plaintiff appears to assume that her failure to plead one claim necessarily means the other survives. Opp. 14. Not so. Even when pleading in the alternative, plaintiff must

[1] Plaintiff similarly does not dispute or otherwise address the Complaint's total lack of allegations about how the third-party tools were configured on the Discover website at the time she allegedly visited it, including whether the Meta Pixel's LDU feature was enabled so as to limit how Meta uses data shared through the Meta Pixel. *See* Mot. 2-4, 21. Plaintiff is similarly silent on the Complaint's failure to allege whether she took the basic step of enabling the GPC tool to opt out of the alleged collection at issue. *Id.* at 4.

[2] *See also Shah v. MyFitnessPal, Inc.*, 2026 WL 216334, at *7 (N.D. Cal. Jan. 27, 2026) (dismissing Section 631(a) claim where "plaintiffs do not specifically allege that *their* communications were intercepted by any third parties"); *Lewis v. Magnite, Inc.*, 2025 WL 3687546, at *12 (C.D. Cal. Dec. 4, 2025) (similar); *Beltran v. Drs. Med. Ctr. of Modesto*, 2025 WL 1635467, at *11 (E.D. Cal. June 9, 2025) (similar).

allege facts sufficient to state a plausible claim for each claim she presses and assert distinct theories of liability consistent with each. *See, e.g.*, *Oxnard Manor LP v. Hallmark Specialty Ins. Co.*, 2023 WL 8191128, at *2 (C.D. Cal. Sept. 15, 2023) ("[E]ach alternative claim must still be adequately pled."); *see also Wilson v. Cox Media, Inc.*, 2024 WL 3008859, at *5-6 (C.D. Cal. May 2, 2024) (dismissing claims pleaded in alternative where allegations of agency relationship "foreclose[] … claims for intentional interference with a contract or with prospective economic relations").

Plaintiff, failing to do so, has pleaded herself out of court on her Section 631 claim, and it should be dismissed with prejudice given that she now admits no contents of communications are intercepted. *See* Opp. 9; *see also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 893 (9th Cir. 2010) (affirming denial of leave to amend because "there was no need to prolong the litigation by permitting further amendment" where amendment would be futile).[3]

**b) Plaintiff Relies on the Same Type of Conclusory Allegations of Interception "In Transit" This Court Has Rejected.**

Plaintiff's argument on the "in transit" element of her wiretap claim fares no better. Plaintiff makes the circular assertion that her "communications are … intercepted while they are in transit" because she "alleged … [the third-party tools] intercepted her communications while they were in transit." Opp. 15. Plaintiff has alleged no facts to support her claim and instead seeks to rely on legal statements alone.

This Court repeatedly has rejected this exact position, and rightfully so. In *Licea v. American Eagle Outfitters, Inc.*, 659 F. Supp. 3d 1072 (C.D. Cal. 2023) (Fitzgerald, J.), for

---

[3] Plaintiff asserts that Discover seeks to "have it both ways" by "arguing that Plaintiff has alleged the [third-party tools] collect[] the contents of communications while simultaneously arguing that she has not alleged the collection of contents of communications." Opp. 14 n.6. Plaintiff's perplexing attempt to turn the FAC's pleading failures on their head does not overcome the fact that plaintiff could have pleaded claims differently and "chose not to." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 395 (1987).

example, the Court explained that plaintiff's "bare allegations" that "the third party ... secretly intercept[s] (during transmission and in real time)" do not suffice to "allege that their conversations were intercepted in transit," *id.* at 1084-85; *see also Licea v. Cinmar, LLC*, 659 F. Supp. 3d 1096, 1110 (C.D. Cal. 2023) (Fitzgerald, J.) ("Plaintiffs must provide more than conclusory allegations that messages were 'intercepted in real time.'"). Plaintiff relies on *Campbell v. Facebook Inc.*, 77 F. Supp. 3d 836 (N.D. Cal. 2014) (cited in Opp. 15), and other similar cases to argue that nothing more is required, but this Court already considered and rejected *Campbell*'s applicability, and the same reasoning applies here too. *See Am. Eagle Outfitters, Inc.*, 659 F. Supp. 3d at 1084 (distinguishing *Campbell* as containing more than conclusory allegations of interception in transit).

Discover also made clear in its Motion that to state a claim, plaintiff must plausibly allege that a third party made "some effort at understanding the substantive meaning of the communication." Mot. 18 (quoting *Doe v. Eating Recovery Ctr. LLC*, 806 F. Supp. 3d 1109, 1117 (N.D. Cal. 2025)); *see also Magnite*, 2025 WL 3687546, at *12 (Section 631(a) requires "more than just intercept[ing] the contents" of any given communication.). Because plaintiff alleged only that *Discover*—not any third party—"read or attempted to read or learn the contents," FAC ¶ 171, and fails to plead any factual allegations in support of the conclusory assertion, the claim fails. Plaintiff does not respond to this argument at all, thereby conceding it. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011).

**c) Plaintiff Has Not Pleaded Any Intentional Violation of Section 631.**

Plaintiff's Section 631(a) claim also must be dismissed for failure to plead that third parties willfully intercepted her communications. *See* Cal. Penal Code § 631(a) (prohibiting willful conduct). As Discover explained—and plaintiff does not refute, *see* Opp. 15-16—TikTok, Meta, Pinterest, and Reddit's respective terms of use directed Discover to "obtain all necessary rights, permissions, and lawful bases." Mot. 19 (citing

FAC ¶¶ 49, 52, 93, 99, 113, 115, 129, 131). This shows intent to comply with the law, not to violate it. And there is no suggestion that these third parties believed Discover was violating their terms of use or that the third parties intended Discover to violate them. *See Doe v. Talkiatry Mgmt. Servs., LLC*, 2025 WL 3190813, at *4 (C.D. Cal. Oct. 1, 2025) (dismissing Section 631(a) claim where complaint "seems to assume Meta and other third parties knew or had reason to know that the information was obtained in violation of the law without any factual basis").

Plaintiff first responds by citing Federal Rule of Civil Procedure 9(b)'s statement that mental states can be "alleged generally." Opp. 15. But whether allegations of intent are subject to Rule 9(b)'s heightened pleading requirement, they are indisputably subject to Rule 8. As the Supreme Court has made clear:

> It is true that Rule 9(b) requires particularity when pleading 'fraud or mistake,' while allowing '[m]alice, intent, knowledge, and other conditions of a person's mind [to] be alleged generally.' But 'generally' is a relative term. In the context of Rule 9, it is to be compared to the particularity requirement applicable to fraud or mistake. Rule 9 merely excuses a party from pleading ... intent under an elevated pleading standard. It does not give him license to evade the less rigid—though still operative—strictures of Rule 8.

*Ashcroft v. Iqbal*, 556 U.S. 662, 686-87 (2009); *see also Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 n.5 (9th Cir. 2014) ("[A]lthough the language of Rule 9 poses no barrier in itself to general pleading of fraudulent intent, *Twombly* and *Iqbal*'s pleading standards must still be applied to test complaints that contain claims of fraud."). Here, Rule 8 means plaintiff must allege facts from which the Court can plausibly infer that the third parties willfully intercepted her communications. Plaintiff points to allegations that the third parties intended to collect data, Opp. 16, but offers no allegations plausibly suggesting willful interception in violation of Section 631.

Plaintiff next asserts that the third parties satisfy Section 631's willfulness requirement because they "'consciously desire[d]' a particular result"—the interception of her communications. Opp. 15 (quoting *Borden v. United States*, 593 U.S. 420, 426 (2021)). But plaintiff again elides the distinction between desiring lawful collection of routine

commercial data and unlawful interception—which her factual allegations do not support. *See B.K. v. Desert Care Network*, 2024 WL 1343305, at *7 (C.D. Cal. Feb. 1, 2024) (dismissing Section 631(a) claim for failure to plead predicate violation by Meta, where complaint "repeatedly mentions Meta's express desire not to receive health data from its business partners"). Plaintiff purports to distinguish *B.K.* on the basis that the FAC does not allege "the third party's 'express desire not to receive health data from its business partners.'" Opp. 16 (quoting *B.K.*, 2024 WL 1343305, at *7). But plaintiff concedes that at least "some" of the third-party "user agreements" quoted and cited in the FAC "generally require Defendant to comply with the law in using those tools." *Id.*

### 2. Plaintiff's Opposition Fails to Show Discover Had the Mental State Required for an Aiding-and-Abetting Claim.

Plaintiff's Section 631(a) claim must be dismissed for a distinct but equally fundamental defect: she does not (and cannot) allege that Discover had sufficient knowledge of any alleged violations by third parties.

Plaintiff cites allegations in the FAC indicating the third parties independently benefited from the data collection. *See* Opp. 16. Yet plaintiff does not contest that Section 631(a) requires her to plausibly allege that Discover *knew* the third parties were violating CIPA for their own use and benefit, not as a service provider to Discover. *See* Mot. 20-21; *see also Valenzuela v. Kroger Co.*, 2025 WL 851075, at *2 (C.D. Cal. Mar. 13, 2025); *Heiting v. Taro Pharms. USA, Inc.*, 728 F. Supp. 3d 1112, 1127 n.14 (C.D. Cal. 2024).

Perhaps recognizing that she did not plead the knowledge required under Section 631(a), plaintiff points to the "substantial assistance" standard of common-law aiding-and-abetting liability. Opp. 17 (quoting *R.C. v. Sussex Publishers, LLC*, 2025 WL 948060, at *9 (N.D. Cal. Mar. 28, 2025)). But Section 631's statutory language "does not necessarily incorporate the common law requirement for aiding and abetting simply because it contemplates liability where an individual or entity provides 'aid.'" *Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 942 (N.D. Cal. 2024). Section 631(a)'s "fourth clause ... require[s] some level of knowledge and intent"; the defendant "must be acting

with the third party *in order to* have the third party perform acts that violate the statute." *Id.* "At the very least, that requires both knowledge of the conduct that will violate the statute and a purpose of aiding, agreeing with, or employing the third party to commit those acts." *Id.*

Plaintiff's vague allegations that Discover "aided, agreed with, conspired with, and employed" the third parties in implementing their tools are insufficient to survive dismissal. Opp. 17 (quoting FAC ¶¶ 32, 173). Such "conclusory allegations do not contain sufficient facts for the Court to draw a plausible inference that [Discover] knowingly agreed with or employed [third parties] to engage in conduct that violated the wiretapping statute." *YETI Coolers, LLC*, 754 F. Supp. 3d at 943.

Finally, and as explained *supra* (in Part II.A.1.c), the Court should not credit plaintiff's argument that Rule 9(b) permits her to avoid well-settled rules of pleading under Rule 8. Plaintiff's only authority for this position addressed whether a "[p]laintiff's prayer for punitive damages should be stricken because it makes 'bare conclusory allegations of oppression, fraud or malice.'" *Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405, 406 (C.D. Cal. 2005) (denying motion to strike punitive damages and class allegations). This case does not provide grounds for ignoring binding precedent requiring "[f]actual allegations [to] be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also supra* Part II.A.1.c.

### B. Plaintiff Does Not Contest She Lacks Article III Standing for Her Section 638.51 Claim.

Discover argued in its motion that plaintiff's factual allegations did not establish a concrete privacy injury sufficient to confer Article III standing over her pen register claim. Mot. 8-9. Plaintiff does not dispute that she lacks Article III standing as to that claim. Her

"failure to respond" to this argument "constitutes waiver or abandonment" of this now "uncontested issue." *Stichting Pensioenfonds ABP*, 802 F. Supp. 2d at 1132.[4]

Plaintiff accuses Discover of effecting a "fraudulent removal," arguing that Discover improperly asserted subject matter jurisdiction during removal, then "disavow[ed]" jurisdiction by moving to dismiss all claims based on lack of Article III standing. Opp. 1, 5. That assertion is not only incorrect, it also ignores the fundamental basis of Discover's Rule 12(b)(1) motion as to a single claim, not the entire case. Further, and as explained below, the law plaintiff cites does not apply here.

Discover properly removed the *case* under CAFA, 28 U.S.C. § 1332(d). *See* ECF 1 at 3. Indeed, plaintiff does not dispute the existence of CAFA jurisdiction over this case. *See generally* Opp. Discover then moved to dismiss plaintiff's pen register *claim*—not her entire case—for lack of Article III standing. *Compare* Mot. 8 ("Plaintiff Lacks Article III Standing to Assert a *Pen Register Claim*." (emphasis added)), *with id.* at 15 ("Plaintiff Fails to State a Claim Under Section 631(a).").

That distinguishes the situation here from cases plaintiff cites, where a defendant moved to dismiss *all* of the plaintiff's claims for lack of Article III standing, and the plaintiff subsequently moved to remand. Opp. 4-5 (citing *Ayala v. Sixt Rent a Car, LLC*, 2019 WL 2914063 (C.D. Cal. July 8, 2019), and *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910 (N.D. Ill. 2016), among others).

Discover has *not* moved to dismiss all of plaintiff's claims for lack of standing, and plaintiff has not moved to remand. "[A] plaintiff must demonstrate standing for each claim he seeks to press," *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006), and there is nothing improper about moving to dismiss a claim where plaintiff cannot do so, *see*

[4] In a footnote, plaintiff says she "does *not* concede that she has not been injured within the meaning" of CIPA but provides no authority or support for the notion that she could plead an actual injury under the statute if she cannot plead a constitutional one. Opp. 4 n.2. But for purposes of the present motion under Rule 12(b)(1), plaintiff's concession of her lack of constitutional injury is dispositive.

*Shinotsuka v. Fed. Corr. Inst. Terminal Island*, 2023 WL 6812759, at *1-2 (C.D. Cal. Sept. 14, 2023) (Fitzgerald, J.) (granting motion to dismiss where the defendant argued lack of jurisdiction for some, but not all, of the plaintiff's claims). No matter the ruling on the standing argument for the pen register claim, the Court still will have before it the Rule 12(b)(6) arguments for dismissal of plaintiff's Section 631(a) claim. *See supra* Part II.A; *cf.* Opp. 14 (contending that if the Court rejects plaintiff's Section 638.51 arguments, it should assess her Section 631 claim).

Under these circumstances, there is no basis for plaintiff's request for attorney's fees under 28 U.S.C. § 1447(c). Opp. 5-6. For an award of attorney's fees under that statute, plaintiff must show Discover lacked an "objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). Plaintiff cannot do so here.

Discover removed pursuant to its statutory right under CAFA, easily satisfying the "objectively reasonable basis" standard, and plaintiff nowhere suggests that CAFA does not apply to her claims. Instead, she relies entirely on *Mocek,* an inapposite case from the Northern District of Illinois. In *Mocek*, the plaintiff moved to remand, both parties agreed that *no* aspect of the plaintiff's claims could be "decided in federal court," and "both sides argu[ed] against federal jurisdiction." 220 F. Supp. 3d at 914.

None of these factors is present here. Plaintiff chose to include in her original complaint a claim under Section 631 in addition to Section 638.51, and Discover timely moved to dismiss the Section 631 claim under Rule 12(b)(6). Her subsequent decision to admit that she does not allege an element of that claim, *see* Part II.A.1.a, does not turn Capital One's removal into a fraudulent one. Plaintiff's own tactical litigation choices do not provide the basis for an attorneys' fee award. *See Caterpillar Inc.*, 482 U.S. at 395 (plaintiff, as "master[] of the complaint," could have pleaded her claims differently and "chose not to"); *see also Harman v. Target Corp.*, 2012 WL 12892305, at *1-2 (C.D. Cal. Oct. 29, 2012) (Fitzgerald, J.) (denying request for attorneys' fees under 28 U.S.C. § 1447(c) where Court concluded plaintiff's request was "unwarranted and unjustified by

the evidence"); *Walker v. Kroger Co.*, 2022 WL 20208929, at *3 (N.D. Cal. June 21, 2022) (denying request for fees in part because plaintiff "does not dispute that this case satisfies the statutory grounds for CAFA removal").

Finally, plaintiff's request for fees should be denied for the independent reason that plaintiff has not satisfied any of the procedural requirements for such relief. Plaintiff has not even moved to remand the case, nor has she met and conferred with Discover about doing so. She also has not produced evidence of the costs and fees "incurred as a result of the removal." *Little v. Pac. Gas & Elec. Co.*, 2022 WL 612668, at *4 (N.D. Cal. Mar. 1, 2022). Her request accordingly should be denied. *See id.* (declining to award fees where plaintiff "fail[ed] to provide any evidence of the amount of fees and costs actually incurred"); *Cucci v. Edwards*, 510 F. Supp. 2d 479, 486 (C.D. Cal. 2007) (recognizing "[c]ourt may deny Plaintiff's motion [to remand]" based on plaintiff's failure to meet and confer "alone" (citing C.D. Cal. L.R. 7-3)).

### C. Plaintiff Cannot Maintain a Claim Under CIPA Section 638.51.

Setting aside the standing defects, plaintiff's Opposition also confirms that she cannot state a Section 638.51 claim. Plaintiff fails to offer persuasive authority that CIPA applies to website data collection, or that Discover can be liable even when a "party" to any purported communications on its own website.

#### 1. Plaintiff's Application of Section 638.51 to Internet Communications Contradicts CIPA's Statutory Text and Purpose and Would Render the CCPA Superfluous.

CIPA's text, "stated purpose," "structure[,] and history" reflect that its pen-register provisions were "aimed at telephonic-style surveillance, not at the routine operation of commercial websites." *Rodriguez v. Ink Am. Intern. Grp. LLC*, 2025 WL 4034985, at *3 (Cal. Super. Dec. 10, 2025); *see also Rounds v. Dev. Dimensions Int'l, Inc.*, 2026 WL 746291, at *2 (C.D. Cal. Mar. 11, 2026) ("find[ing] persuasive … argument that allegations of the use of cookies does not suffice as a statutory violation of § 638.51 and the alleged use of a trap and trace device"); *Hughes v. Dave & Buster's Ent., Inc.*, 2025 WL 2996811,

at *1 (Cal. Super. July 16, 2025) (recognizing "a split in authority in federal district courts" but "not persuaded" Section 638.51 applies to "internet communications").

Section 638.51, which was passed in 2015, does not mention the word "internet" once. The legislature instead chose to regulate consumer data collection and sharing on the internet through its comprehensive CCPA, enacted in 2018 and subsequently amended by the California Privacy Rights Act of 2020. *See* Cal. Civ. Code § 1798.100 *et seq.*; *see also* Mot. 6-7. Courts have credited this overarching statutory framework when concluding that overbroad readings of Section 638.51 "are not controlling and are unpersuasive." *Scharon v. Paramount Glob.*, 2025 WL 2996812, at *3 (Cal. Super. Oct. 3, 2025); *see also id.* at *1-3 (sustaining demurrer without leave to amend and noting "[p]laintiffs' several federal trial court authorities … ignore other facets of California law," like the CCPA); *Rodriguez*, 2025 WL 4034985, at *4 ("Plaintiff's expansive reading of CIPA … would seemingly render CCPA void.").

Plaintiff relies primarily on cases following *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024 (S.D. Cal. 2023), and *Moody v. C2 Educational Systems Inc.*, 742 F. Supp. 3d 1072 (C.D. Cal. 2024), *see* Opp. 6-7. But plaintiff's authorities generally fail to consider the CCPA. *See* Opp. 6-14.[5] "[T]he CCPA expressly contemplates businesses will collect and use personal data so long as a regulatory framework is followed." *Rodriguez*, 2025 WL 4034985, at *4. "Importantly, the CCPA does not require that users provide express consent *prior to* the collection of data" or "prohibit such data collection or require a court order." *Id.* Instead, the CCPA protects user privacy principally by requiring that

[5] *See Greenley*, 684 F. Supp. 3d at 1050-51 (no acknowledgement of CCPA); *Moody*, 742 F. Supp. 3d at 1076; *Rodriguez v. Autotrader.com, Inc.*, 762 F. Supp. 3d 921, 929 (C.D. Cal. 2025); *Lesh v. Cable News Network, Inc.*, 767 F. Supp. 3d 33, 41 (S.D.N.Y. 2025); *Shah v. Fandom, Inc.*, 754 F. Supp. 3d 924, 931 (N.D. Cal. 2024); *Bradshaw v. Lowe's Cos., Inc.*, 2025 WL 3171740, at *7 (S.D. Cal. Nov. 12, 2025). The one case to address the CCPA recognizes, as Discover explains *infra* on p.14, that "CCPA and CIPA are complementary." *Mirmalek v. Los Angeles Times Commc'ns LLC*, 2024 WL 5102709, at *5 (N.D. Cal. Dec. 12, 2024).

businesses collecting personal information *disclose* their collection practices to users, *see* Cal. Civ. Code § 1798.110; 1798.130(a)(5), and provide users an opportunity to opt-*out* of the sale or sharing of data collected for certain advertising purposes, *see id.* § 1798.120.

Plaintiff's reading, that Section 638.51 applies and requires affirmative opt-*in* consent for routine commercial data collection practices, *see* Opp. 13, thus would be inconsistent with the legislative decision in the CCPA to adopt a disclosure and opt-*out* framework. Indeed, plaintiff's interpretation of Section 638.51 would render the CCPA a "nullity." *Scharon*, 2025 WL 2996812, at *2. Plaintiff contends that the use of those tools violates CIPA, but the "CCPA presumes that such tools will be employed so long as the proper procedures such as notice, opt-out, and deletion are followed." *Rodriguez*, 2025 WL 4034985, at *4. As the California Supreme Court has instructed, "[w]here reasonably possible," courts should "avoid statutory constructions that render particular provisions superfluous or unnecessary." *Dix v. Superior Ct.*, 807 P.2d 1063, 1072 (Cal. 1991).

Plaintiff cites two sources in an attempt to get around the plain "intent of the lawmakers" to regulate telephonic communications. *Day v. City of Fontana*, 19 P.3d 1196, 1199 (Cal. 2001). Plaintiff first references CIPA's legislative declaration of intent, contending this reflects the legislature's intent to "adopt technological application of CIPA to evolving times." Opp. 8; *see* Cal. Pen. Code § 630 (noting "advances in science and technology" that have brought "new devices and techniques for the purpose of eavesdropping"). There is no dispute the legislature has amended CIPA over the years to address advances in technology for specific circumstances, including body-worn cameras, Cal. Penal Code § 633.02(b) (2015), rideshare programs, *id.* § 637.6 (1990), and cordless and cellular phones, *id.* § 632.7 (1992). But when it does so, it does so expressly. *See* Mot. 6. "[I]t is unlikely" the legislature "would have used such a subtle approach," *Mendoza v. Fonseca McElroy Grinding Co.*, 492 P.3d 993, 1005 (Cal. 2021), to amend Section 638.51 to regulate routine commercial website operations without once mentioning those

technologies, while amending the statute specifically to address other more specific technologies.

Plaintiff also cites pending Senate Bill ("S.B.") 690, which would establish a "commercial business purpose" exemption to CIPA liability, as evidence that the third-party tools are trap-and-trace devices. Opp. 8-9. The legislature, of course, has not enacted S.B. 690, and proposed legislation to clarify CIPA provides no excuse for ignoring bedrock principles of statutory interpretation for enacted laws. If anything, the introduction of S.B. 690 reinforces a concern about rampant abuse of a criminal wiretap statute through vexatious civil litigation. Indeed, as a Bill Analysis of the proposed legislation indicates, SB 690 reflects a purpose to "stop … abusive lawsuits" that misinterpret CIPA's statutory text "by clarifying that CIPA … does not apply to modern, online business activities" that are "already intentionally, purposefully, and extensively regulated by the CCPA."[6] *See also Rodriguez*, 2025 WL 4034985, at *4 ("SB 690's stated purpose indicates that CIPA was not intended to apply to website tracking tools. Instead, such conduct is intended by the legislature to be covered by the CCPA and CPRA.").

Plaintiff next invokes language in the CCPA providing that "[w]herever possible, law relating to consumers' personal information should be construed to harmonize with the provisions of this title." *See* Opp. 12 (quoting Cal. Civ. Code § 1798.175). That instruction further supports Discover's arguments, as Discover has offered multiple ways Section 638.51 can be read in harmony with the CCPA. *See* Mot. 6-7, 10-15.

For similar reasons, plaintiff's claim is not saved by the language in the CCPA stating that "in event of a conflict … the provisions of the law that afford the greatest protection for the right of privacy for consumers shall control." *See* Opp. 12 (quoting Cal.

[6] Bill Analysis, Assem. Com. on Pub. Safety, Rep. on Sen. Bill No. 690, at 6 (2025-2026 Reg. Sess.) (June 30, 2025) (Author's Statement), available at https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=202520260SB690.

Civ. Code § 1798.175). Again, there should be no conflict between CIPA and the CCPA if CIPA is properly interpreted according to long-standing principles of statutory interpretation. Moreover, the Supreme Court has held there is no protected privacy interest in the record information allegedly at issue, so Section 638.51 does not "afford great[er] protection for the right of privacy for consumers." Cal. Civ. Code § 1798.175; *see Smith v. Maryland*, 442 U.S. 735, 743-44 (1979) ("[A] person has no legitimate expectation of privacy in information he voluntarily turns over to third parties."); *United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008) ("Internet users have no expectation of privacy in … the IP addresses of the websites they visit.").

According to plaintiff's view of Section 638.51, Discover can do everything right under the letter of California's comprehensive privacy legal regime yet still be found in violation of a criminal statute with ruinous potential civil penalties. That does not comport with how criminal law is interpreted as a matter of first principles, nor with the legislature's goal in enacting Section 638.51. *See Anne Heiting v. HP Inc.*, 2025 WL 2993673, at *4 (Cal. Super. Aug. 1, 2025) ("There is no indication that, in enacting the trap and trace device prohibition, the California Legislature meant to cover" ordinary website technologies."); *Sanchez v. Cars.com Inc.*, 2025 WL 487194, at *3 (Cal. Super. Jan. 27, 2025) (recognizing purpose of Section 638.51 "to create a comprehensive framework governing how California law enforcement officials could obtain and use a pen register or trap and trace device"); *Licea v. Hickory Farms LLC*, 2024 WL 1698147, at *4 (Cal. Super. Mar. 13, 2024) (declining to adopt "interpretation of privacy laws as one rendering every single entity voluntarily visited by a potential plaintiff … as a violator").

**2. Plaintiff Fails to Show Section 638.51 Applies to a Party's Own Website.**

Section 638.51 also does not require a party to first obtain a court order to install a pen register or trap-and-trace device on itself. Plaintiff's opposition does not show otherwise.

Plaintiff's allegation that *Discover*—not a third party—"installed" the third-party tools on its *own* website, *see* FAC ¶ 32, cannot give rise to liability as to Discover. As with a caller ID service, pen register and trap-and-trace provisions like Section 638.51 were "designed to protect telephone users from unauthorized *third-party* or governmental intrusions"—not "to protect telephone users from one another." *Wis. Pro. Police Ass'n v. Pub. Serv. Comm'n of Wis.*, 555 N.W.2d 179, 188 (Wis. Ct. App. 1996) (emphasis added) (interpreting the PRA); *S. Bell Tel. & Tel. Co. v. Hamm*, 409 S.E.2d 775, 777-78 (S.C. 1991) (similar, interpreting state's pen register statute); *see also Casillas v. Transitions Optical, Inc.*, 2024 WL 4873370, at *2 (Cal. Super. Sep. 9, 2024) (recognizing legislators enacted CIPA's pen register provisions primarily "to authorize law enforcement to seek orders for telephone surveillance"—i.e., communications to which they are not a party). Because plaintiff fails to allege that *Discover* was a third party unlawfully intruding on her communications, plaintiff fails to state a claim under Section 638.51.

Plaintiff wrongly claims that CIPA has a "longstanding" "all-party consent" requirement applicable here. Opp. 10. To be sure, certain other provisions of CIPA, such as Sections 632(a) and 632.7, which concern recording or eavesdropping on telephone or confidential communications, expressly require the consent of all parties to a communication. *See* Cal. Penal Code § 632(a) (requiring "the consent of all parties"); *id.* § 632.7(a) (requiring "the consent of all the parties"). But others do not. Courts have long interpreted Section 631(a)—CIPA's wiretapping provision—to contain a party exception. They have done so based on the common-sense observation that "a party cannot eavesdrop on its own conversation." *Am. Eagle Outfitters, Inc.*, 659 F. Supp. 3d at 1081-82.

Here, too, it would make little sense for Section 638.51 to regulate the conduct of an entity being dialed or reached by another. To hold otherwise would lead to absurd consequences. Under plaintiff's proffered interpretation, *see* Opp. 11, any user of a tool that lists the numbers that have called them, such as a caller ID system or spam filter, would be in violation of Section 638.51. Plaintiff makes the conclusory assertion that "Caller ID

and Tracking Tools are simply not the same thing." *Id.* at 11-12. But that misses the point. Plaintiff offers no textual interpretation that would exempt commonplace tools like Caller ID from liability if her broad reading of the statute is correct. As another court has explained, "[i]f CIPA broadly prohibits any process by which anyone identifies any 'originating number,' then every cell phone in the world—which identify the phone number of incoming calls—would be a prohibited trap and trace device." *Rodriguez v. Sparc Group, LLC*, 2025 WL 2993671, at *3 (Cal. Super. July 09, 2025); *see also HP Inc.*, 2025 WL 2993673, at *4 (similar). Well-settled principles of statutory interpretation caution that interpretations like plaintiff's, "which would produce absurd results," should "be avoided." *Ariz. State Bd. for Charter Schs. v. U.S. Dep't of Educ.*, 464 F.3d 1003, 1008 (9th Cir. 2006).

None of the authorities plaintiff cites gives license to impose an all-party consent requirement not present in the statute itself. For example, *Kearney v. Salomon Smith Barney, Inc.*, 137 P.3d 914, 917 (Cal. 2006) (cited in Opp. 10), concerned Section 632, not Section 638.51, *id.* at 917, 929. Similarly, *Smith v. LoanMe, Inc.*, 483 P.3d 869 (Cal. 2021), which plaintiff repeatedly references (Opp. 12), concerned "whether section 632.7 applies to the intentional recording of a communication by a party" between "a cellular or cordless telephone and another telephone," *id.* at 870-71. In other words, *LoanMe* addresses a section of CIPA that expressly requires all-party consent. It says nothing about Section 638.51—the provision at issue here—which contains no similar all-party consent requirement.

Plaintiff next claims that Section 638.51(b) requires her consent, *see* Opp. 10-11, but that provision applies only to "provider[s] of electronic or wire communication service[s]," Cal. Penal Code § 638.51(b), which by definition are not parties to any communication. If anything, the legislature's decision to restrict these exceptions to only communication service providers reinforces that it intended to regulate pen registers and trap-and-trace devices installed by third parties. Plaintiff provides no support for her bare assertion that

Discover provides an "electronic or wire communication service," nor does it follow from the text of the statute that the definition would sweep in every person or company who offers a website, *see* Cal. Penal Code § 638.50(a) (incorporating definitions in Section 629.51). If that provision did apply, plaintiff would have no claim because it exempts from liability the use of a pen register or trap-and-trace device to "operate, maintain, and test a wire or electronic communication service." *Id.* § 638.51(b) (listing consent as only one of several exceptions for use of a pen register by a communication service provider).

To the extent any doubt remains, the rule of lenity requires limiting Section 638.51 to third parties intruding on a communication. When courts interpret ambiguous criminal statutes, including when "invoked in a civil action," the rule of lenity applies. *Eating Recovery Ctr. LLC*, 806 F. Supp. 3d at 1112 (applying rule of lenity to Section 631(a)); *see also Moss v. ResortPass Inc.*, 2025 WL 3452360, at *2 (Cal. Super. Oct. 30, 2025) (similar as to Section 632, and sustaining demurrer as to CIPA claims).

Relying again on *LoanMe*, plaintiff argues otherwise, Opp. 13-14, but *LoanMe* does not apply here. The court in *LoanMe* did not face "any great uncertainty" when rejecting a party exception to Section 632.7—which unambiguously requires "the consent of all parties to the communication." 483 P.3d at 874-75, 881. Unlike Section 632.7, Section 638.51's terms are at least "ambiguous," *see Rodriguez*, 2025 WL 4034985, at *3, for they do not contain the clear language the legislature included in Section 632 and 632.7 when it wanted to require consent by all parties. This ambiguity requires "limit[ing] the reach" of Section 638.51 to "the clear import of [its] text," *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1135 (9th Cir. 2009), and "resolv[ing] CIPA's many ambiguities in favor of [a] narrower interpretation," *Eating Recovery Ctr.*, 806 F. Supp. 3d at 1112.

## III. CONCLUSION

For these reasons, and those explained in Discover's Motion, plaintiff's CIPA Sections 631(a) and 638.51 claims cannot stand. And because plaintiff's pleading

deficiencies cannot be cured through amendment, dismissal of the claims with prejudice is appropriate. *See Carvalho*, 629 F.3d at 893.

Dated: April 15, 2026

By: */s/ Kathryn E. Cahoy*

Kathryn E. Cahoy (SBN 298777)
Amy S. Heath (SBN 312516)
COVINGTON & BURLING LLP
5 Palo Alto Square
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: kcahoy@cov.com
Email: aheath@cov.com

*Counsel for Defendant Capital One Financial Corp.*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Capital One Financial Corp. ("Discover") certifies that this brief contains 6,393 words, which complies with the word limit of L.R. 11-6.1.

Dated: April 15, 2026

By: */s/ Kathryn E. Cahoy*

KATHRYN E. CAHOY (SBN 298777)
COVINGTON & BURLING LLP
5 Palo Alto Square
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: kcahoy@cov.com

*Counsel for Defendant Capital One Financial Corp.*