UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL

**Case No.** **CV 26-00457-MWF(PVCx)**          **Date: May 7, 2026**

Title:    Bianca Johnston v. Capital One Financial Corp.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**          ORDER TO SHOW CAUSE RE:
                                        JURISDICTION; VACATING MAY 11, 2026
                                        HEARING

The Court is in receipt of the parties' briefing on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion"). (Docket No. 13). Plaintiff filed an Opposition on April 1, 2026, (Docket No. 16), and Defendant filed a Reply on April 15, 2026 (Docket No. 18).

Having reviewed the briefing, a preliminary issue precludes the Court's disposition of the majority of the arguments in the Motion at this time. In light of this Order, the hearing set for May 11, 2026, is therefore **VACATED** and a new hearing date will be set if the Court deems it necessary.

In the Motion, Defendant argues that Plaintiff lacks standing under her pen register claim, brought under California Penal Code section 638.51. (Motion at 8-10). Defendant argues that Plaintiff has not alleged an injury "similar to the 'highly offensive' interferences or disclosures 'actionable at common law'—i.e., those involving the collection of embarrassing, invasive, or otherwise private information.'" (*Id.* at 8 (quoting *Popa v. Microsoft Corp.,* 153 F.4th 784, 788 (9th Cir. 2025))). Defendant then argues that certain information allegedly collected on Defendant's website — such as IP addresses and names — cannot establish an injury in fact because the website visitor voluntarily discloses this information to the public. (*Id.* at 9).

---

**CIVIL MINUTES—GENERAL**                                        **1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 26-00457-MWF(PVCx)**          **Date:  May 7, 2026**

Title:      Bianca Johnston v. Capital One Financial Corp.

Plaintiff responds that it was improper for Defendant to remove the action only to assert that the Court lacks jurisdiction over her claim.  (Opp. at 4-6).  While Plaintiff does state in a footnote that she does not concede that she lacks an injury for Article III purposes, she does not oppose dismissal of her claim under section 638.51, since such a dismissal would be without prejudice to refiling in state court.  (*Id.* at 4, n.2).  In Defendant's Reply, Defendant responds that it was not improper to remove the action because Defendant does not challenge Plaintiff's standing to bring her alternative claim under California Penal Code section 631(a).  (Reply at 9-10).

While the Court credits Defendant's assertion that it is not *per se* improper to remove an action to federal court only to assert that plaintiff lacks standing as to some claims and not others, this logic would not seem to apply where, as here, the putative injuries suffered by the plaintiff are the same for each claim.  The FAC alleges that the "Tracking Tools" installed on Defendant's website here all collect various categories of personal information, and Plaintiff premises the two alleged statutory violations on the basis of the collection of this information.  (*See, e.g.,* FAC ¶¶ 39-41, 71 (describing the type of information collected by the TikTok pixel and how it is collected)).  Indeed, the claims are pled in the alternative, again seemingly confirming that the alleged injuries are the same under either claim.  (*See* Opp. at 14; FAC at 36).  Therefore, it is unclear from the FAC and the arguments in the parties' current briefing how Plaintiff has alleged a cognizable injury under Article III as to one claim and not the other.

As the removing party, Defendant bears the burden of establishing that removal is proper, including standing requirements.  *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992) (explaining that the party invoking federal jurisdiction bears the burden of establishing standing elements).  The Court therefore **ORDERS** Defendant to **SHOW CAUSE** as to why Plaintiff has Article III standing under her section 631(a) claim and not her section 638.51 claim (the "OSC").  Defendant shall file a Response to this OSC by **May 22, 2026**.  Plaintiff may file an optional Reply by **June 5, 2026**. The Court will then take the Motion to Dismiss under submission, and will re-set a hearing date if necessary.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 26-00457-MWF(PVCx)**              **Date:  May 7, 2026**

Title:     Bianca Johnston v. Capital One Financial Corp.

IT IS SO ORDERED.