UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 26-457-MWF (JPCx)** **Date: July 31, 2026**

Title: Bianca Johnston v. Capital One Financial Corporation

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [13]

Before the Court is Defendant Capital One's Motion to Dismiss First Amended Complaint (the "Motion"), filed on March 11, 2026. (Docket No. 13). Plaintiff Bianca Johnston filed an Opposition on April 1, 2026. (Docket No. 16). Defendant filed a Reply on April 15, 2026. (Docket No. 18). The Court issued an Order to Show Cause (the "OSC") regarding Defendant's jurisdictional arguments on May 7, 2026. (Docket No. 21). Defendant filed a Response to the OSC ("Response") on May 22, 2026. (Docket No. 22). Plaintiff filed a Reply to the OSC ("OSC Reply") on June 5, 2026. (Docket No. 23).

The Court read and considered the papers on the Motion and the OSC and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

The Motion is **GRANTED.** The Court rules as follows:

- The Motion is **GRANTED** under Rule 12(b)(1) as to Plaintiff's claim brought under section 638.51 and the claim is **REMANDED** to Superior Court of the State of California for the County of Los Angeles. Although Plaintiff lacks Article III standing, the proper remedy is remanding to state court rather than dismissing the claim.

- The Motion is **GRANTED *with leave to amend*** under Rule 12(b)(6) as to Plaintiff's claim brought under section 631(a). Plaintiff has failed to plausibly allege that the contents of her communications were intercepted.

## I. BACKGROUND

Plaintiff filed the original Complaint in state court on December 10, 2025. (Docket No. 1-4). Defendant removed the action to federal court on January 15, 2026. (Docket No. 1). Plaintiff filed her First Amended Complaint (the "FAC") on February 13, 2026. (Docket No. 11).

Defendant Capital One Financial Corporation is a national financial services company that provides services through brick-and-motor retail locations and its website (the "Website"). (FAC ¶ 5). Defendant has allegedly installed third-party software on the Website that collects data on user activity on the Website as well as other information about the user. (*Id.* ¶¶ 32–40). For example, Defendant has allegedly installed software offered by TikTok that instantly shares information with Defendant when a user takes a specific action on the Website, such as making a purchase. (*Id.* ¶¶ 38-39). This software can also collect data that helps Defendant understand who its customers are, including their device information and IP address. (*Id.* ¶ 40). This data can be shared with the third-party provider of the software ("Software Providers"), allegedly benefiting Defendant by enabling it to launch targeted advertising campaigns on social media platforms. (*Id.* ¶ 77). The Software Providers also allegedly utilize this data for their own business benefit. (*Id.* ¶¶ 45, 91, 110, 127). Defendant was allegedly warned of the potential privacy violations that could result from its alleged use of the software tools, including from the Software Providers. (*Id.* ¶¶ 54, 100, 116, 133). Plaintiff alleges that her data was collected and shared with Software Providers in violation of California law. (*Id.* ¶ 4).

Plaintiff is an individual representing a putative class of persons who are California citizens and allege that their data was shared with third parties without consent. (*Id.* ¶ 157). Plaintiff brought two claims for relief for violations of the California Invasion of Privacy Act ("CIPA"), with one claim brought under California

Penal Code Section 631(a) and the other under California Penal Code Section 638.51. (*Id.* ¶¶ 165–189).

## II. REQUEST FOR JUDICIAL NOTICE

As an initial matter, Defendant requests that the Court take judicial notice of four documents or categories of documents: (1) a copy of the Meta Developers webpage titled "Data Processing Options for US Users,"; (2) a copy of Discover's Privacy Policy; (3) copies of similar complaints filed in other courts; and (4) a copy of the Meta Business Tool Terms. (*See* Request for Judicial Notice ("RJN") (Docket No. 14) at 2). Plaintiff does not oppose the RJN, but because the Court does not rely on these materials in this Order, the RJN is **DENIED *as moot***.

## III. LEGAL STANDARD

In its Motion, Defendant brings a challenge to jurisdiction under Rule 12(b)(1) and challenges to the sufficiency of the allegations under Rule 12(b)(6).

### A. Rule 12(b)(1)

"The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court." *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Accordingly, where the jurisdictional challenge is to standing, "the party invoking the federal judicial power… has the burden of establishing the facts necessary to support standing." *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022) (internal citations omitted).

### B. Rule 12(b)(6)

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim

showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In ruling on a Rule 12(b)(6) motion, the Court follows *Twombly*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny. "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id*. at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co*., 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556–57).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

## IV. DISCUSSION

Defendant brought its challenges to Plaintiff's section 638.51 claim under Rules 12(b)(1) and 12(b)(6), and challenges Plaintiff's section 631(a) claim under Rule 12(b)(6). The Court will discuss each in turn.

//

//

**A. Section 638.51 Claim**

Defendant first challenges Plaintiff's standing under Rule 12(b)(1). "Our cases have established that the 'irreducible constitutional minimum' of standing consists of three elements. . . . The plaintiff must have suffered (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be addressed by a favorable judicial decision." *Spokeo, Inc. v. Robins,* 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' *Id.* at 339.

Defendant challenges whether Plaintiff has adequately pled an injury in fact, arguing that the information "implicated by plaintiff's section 638.51 claim… do[es] not give rise to a privacy-based concrete injury." (Motion at 8). In response, Plaintiff states that she "does not oppose a remand of this matter to state court" and does not argue that she has Article III standing. (*See* Opp. at 4). Therefore, neither party argues that the Court has jurisdiction to consider the section 638.51 claim.

Having invoked federal jurisdiction, Defendant bears the burden of establishing standing. *See Walker v. Kroger Co.*, CV 22-00261-JST, 2022 WL 20208929, at *1 (N.D. Cal. June 21, 2022) (finding that the party invoking jurisdiction has "the burden of establishing the facts necessary to support standing") (quoting *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022)); *see also Martinez v. Royal Links Golf Club*, CV 18-002393-JAD-CWH, 2019 WL 13147852, at *1 (D. Nev. Feb. 25, 2019). Yet, in this Motion, Defendant argues that Plaintiff has no standing to bring her section 638.51 claim because she lacks an injury in fact. (*See* Motion at 8–9). When faced with similar situations where a defendant successfully removes a case and then promptly files a Rule 12(b)(1) motion for lack of standing, other district courts have treated the defendant's posture as dispositive. *See Walker*, 2022 WL 20208929, at *1–2 (holding that the defendant had "not met its burden of establishing subject matter jurisdiction" when the defendant argued that the plaintiff lacked Article III standing

immediately after removal); *see also Martinez*, 2019 WL 13147852, at *1 (same). The Court likewise holds that Defendant has not met its burden of establishing subject matter jurisdiction. Accordingly, in line with the other district courts that have considered this question, the Court agrees with Plaintiff that the Court need not "conduct an independent standing analysis" given Defendant's lack of argument. (Opp. at 5).

Plaintiff correctly notes that the "proper remedy is remand," not dismissal. (OSC Reply at 2). The language of 28 USC § 1447(c) makes this clear: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) ("the literal words of § 1447(c), which, on their face, give . . . no discretion to dismiss rather than remand an action.") (quoting *Me. Ass'n of Interdependent Neighborhoods v. Comm'r, Me. Dep't of Hum. Servs.,* 876 F.2d 1051, 1054 (1st Cir. 1989)); *see also Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (stating that "the district court generally must remand the case to state court, rather than dismiss it.") (internal citations omitted).

In an attempt to avoid remand of this claim, Defendant argues that the Court should dismiss the claim with prejudice because Plaintiff "cannot save her Section 638.51 claim by pleading in the alternative because neither alternative is viable." (Motion at 15). But the Court cannot adjudicate the issue of the viability of the section 638.51 claim as a matter of law when the Court lacks jurisdiction over the claim, so the Court declines to address this argument. This argument is, however, relevant to whether Plaintiff's claim under section 631(a) survives in this action, so the Court addresses this issue below.

**B. <u>Section 631(a) Claim</u>**

Defendant's Motion next challenge Plaintiff's claims under CIPA section 631(a), but this time argues solely under Rule 12(b)(6).

CIPA section 631(a) contains four mechanisms for imposing liability: (1) intentional wiretapping; (2) willful and nonconsensual reading of the contents of communications in transit; (3) using information obtained in violation of the statute; and (4) aiding and abetting violations. Cal. Penal Code § 631(a). To adequately plead an aiding-and-abetting claim, a party must plead "an underlying predicate violation" by the aided party. *B.K. Desert Care Network*, CV 23-5021-SPG (PDx), 2024 WL 1343305, at *7 (N.D. Cal. Feb. 1, 2024). And a party must allege a violation of one of the first two clauses to adequately plead a violation of the third. *Tavernetti v. Superior Ct.*, 22 Cal. 3d 187, 192, 148 Cal. Rptr. 883 (1978) (holding the third clause proscribes "attempting to use or communicate information obtained as a result of engaging in either of the previous two activities.").

Here, Plaintiff alleges that Defendant aided and abetted the Software Providers' violations. (FAC ¶¶ 165–76); (Motion at 16). Defendant argues the claim fails because Plaintiff does not plausibly allege: (1) the interception of the contents of a communication collected from her, individually; (2) an interception by third parties that occurred "in transit;" (3) that the interception was "willful"; or (4) Defendant's knowledge of any predicate violation. (Motion at 16–21).

The Court agrees with Defendant's first argument that Plaintiff never plausibly alleges that the contents of ***her*** communication, rather than those of a generic user, were intercepted. Instead, the FAC is largely silent as to Plaintiff's alleged use of Defendant's website. It merely states that she browsed the Website for "credit card options" and to "compare credit cards." (FAC ¶ 4). Defendant correctly notes that the dozen or so figures that allegedly demonstrate its use of third-party tools show "only the website interactions of an unknown 'user,'" not Plaintiff. (Motion at 17). For instance, Figure 15 allegedly shows "Facebook Pixel tracking a user" as part of a "user's journey to applying for a credit card" on the Website. (FAC ¶ 92, Figure 15). However, the FAC does not allege that Plaintiff ever applied for a credit card, let alone that her data rather than that of a "generic user" was intercepted. Since Plaintiff does not connect her activity on the Website to allegations about specific interceptions of ***her*** data, Plaintiff has not plausibly alleged a claim under section 631(a).

Other district courts considering analogous allegations have concluded the same. *See, e.g., Shah v. MyFitnessPal, Inc.*, 824 F. Supp. 3d 906, 919 (N.D. Cal. 2026) (dismissing a section 631(a) claim because "plaintiffs do not specifically allege that *their* communications were intercepted by any third parties." (emphasis in original)); *Lewis v. Magnite, Inc.,* 2025 WL 3687546, at *12 (C.D. Cal. Dec. 4, 2025) (rejecting that "illustrative example[s]" of information collected by defendant was sufficient to provide adequate notice of the harm putatively caused by the defendant). Conclusory statements that Defendant "willfully read… the contents or meaning of electronic communications of Plaintiff" do not make Plaintiff's claim plausible in the absence of allegations that Defendant intercepted the contents of her communications and what the contents of those communications were. (FAC ¶ 171); *see Iqbal*, 556 U.S. at 681 (conclusory allegations do not come with a presumption of truth). Accordingly, Plaintiff has failed to plausibly plead that the contents of her communication were intercepted.

But rather than grant leave to amend on this claim, Defendant requests that the Court dismiss Plaintiff's section 631(a) claim with prejudice, arguing that Plaintiff conceded that the data allegedly collected by Defendant was "not the contents of a communication," as is required by section 631(a). (Response at 4). Plaintiff argues that her section 631(a) complaint was pled in the alternative to her section 638.51 complaint. (Opp. at 14).

The Court cannot adjudicate as a matter of law that leave to amend would be futile at this stage. Obviously, to the extent that Plaintiff's claims under section 631(a) and 638.51 are legally inconsistent, it is clear under Rule 8(d) that the Court must "allow pleadings in the alternative — even if the alternatives are mutually exclusive." *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 859 (9th Cir. 2007). And to the extent that Defendant argues in the Reply that Plaintiff has made statements in the Opposition that are factually inconsistent with her claim — such as admitting in the Opposition that "[t]he Tracking Tools do not collect the contents of a communication" — this argument is also rejected. (Reply at 3-4). Statements in briefs may be treated as binding judicial admissions in the discretion of the district court. *See Am. Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 227 (9th Cir. 1988). At this stage of the

proceedings, the Court declines to take the invitation by Defendant to treat the statements as such, particularly given the disposition of this Motion and the fact that the alternative claim is remanded to state court. To the extent that Plaintiff persists in inconsistent allegations in an amended pleading, Defendant may renew this argument.

Accordingly, the Court does not agree that leave to amend would be futile. (*See* Reply at 4). The Motion is therefore **GRANTED *with leave to amend*** as to Plaintiff's section 631(a) claim.

## V. Attorneys' Fees

Finally, Plaintiff requests attorneys' fees to cover the cost of opposing Defendant's Motion, contending that Defendant's filing of a Rule 12(b)(1) motion after its initial assertion of federal jurisdiction constitutes '"fraudulent removal'… [justifying] the award of attorney's fees." (Opp. at 5) (internal citation omitted). Plaintiff cites to a single, out-of-circuit district court case, *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 914 (N.D. Ill. 2016), in support. However, as Defendant correctly notes, *Mocek* is inapposite. The *Mocek* court awarded the plaintiff with attorneys' fees because the defendant removed the action and then immediately sought to dismiss the plaintiff's ***sole*** claim for lack of federal jurisdiction. *Id.* *Mocek* is thus inapposite in this instance, where no party contests that this Court has jurisdiction over the remaining claim under the Class Action Fairness Act. Defendant thus did not lack an "objectively reasonable basis for removal," and an award of attorney's fees is inappropriate. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005).

Plaintiffs' request for attorneys' fees is thus **DENIED**.

## VI. CONCLUSION

The Motion to Dismiss Plaintiff's section 638.51 claim for lack of federal jurisdiction is **GRANTED**. This claim is **REMANDED** to the Superior Court of the State of California for the County of Los Angeles.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 26-457-MWF (JPCx)** **Date: July 31, 2026**

Title: Bianca Johnston v. Capital One Financial Corporation

The Motion to Dismiss Plaintiff's section 631(a) claim under Rule 12(b)(6) is **GRANTED *with leave to amend.*** Plaintiff shall file a Second Amended Complaint ("SAC") by **August 26, 2026**. If Plaintiff fails to file a SAC by this date, it will be construed as an intention to stand on the existing allegations, and the sole remaining claim shall be dismissed. Defendant shall respond to the SAC, if filed, by **September 16, 2026**.

IT IS SO ORDERED.